PER CURIAM.
This appeal is by the defendant husband from a judgment granting a divorce to the plaintiff wife. In the judgment the husband was ordered to pay $500 per month for alimony and child support, of which the court allocated $100 per month for the alimony and $400 per month for the support of the child of the parties, a two year old infant. The sole contention presented by the appellant relates to that allocation.
The appellant does not challenge the overall allowance of $500 a month for alimony and child support, but contends that the allocation made by the trial court was inappropriate and unrealistic, and was without reasonable basis or support on the record. As pointed out by the appellant in argument, the practical effect of such allocation is to limit the husband’s income tax deduction (allowable for payment of alimony), and to leave him in the position of having to continue to pay 80 percent of the total allowance in event of remarriage of the wife.
In seeking alimony and child support the wife listed her needs as amounting to approximately $1,100 per month.[1] The record did not reveal any special or extraordinary expenses needed for the support of the child, other than those which would be required by the mother normally for care and support of the infant.
Inasmuch as it seems clear, in the circumstances presented, that the amount needed for support of the mother would substantially exceed that required for her support of the child, we are impelled to agree with the contention of the appellant that the allocation of $400 of the $500 to *118 support of the child, and only $100 thereof to alimony, was without evidentiary basis, and therefore represented an abuse of discretion. Compare Brown v. Brown, Fla.1956, 84 So.2d 311.
Whereupon the cause is remanded to the circuit court with direction to reconsider the portions of the total allowance which appear needed for support of the wife and of the child respectively, and reallocate the said allowance between alimony and child support, assigning such larger portion thereof to alimony as the court shall determine is proper based on the evidence; and since reapportionment of the allowance assigning a major part thereof to alimony will result in some increase in the annual income tax to be paid by the ex-wife, the trial judge, if in his discretion concludes that the needs of the wife for her support so require, appropriately may provide for an increase of the total award, to allow the wife some additional amount of alimony to offset or partially offset her increased income tax obligation. The judgment should be amended in the foregoing respect or respects, and as thus amended by the trial court will stand affirmed.
It is so ordered.

. “A Yes, I have the total. The total for the week comes to $252.85 — to enumerate —Q Go ahead. A My rent is $52 a week. Food and groceries, $50 a week. Utilities $10. My clothes, $20 a week. Jason’s clothes, $10 a week. Jason’s and my medical bills would be $17.50 a week. Jason’s and my dental care would be $6.25 a week. Our drugs, $5 a week. The maid, $10.50 a week. My beauty parlor, $10 a week. The dog’s beauty parlor, $2.50 a week. My entertainment, $15.00 a week. My car expenses, $17.50 a week; and my new car financing, $8.56. Jason’s insurance policy, $1.04 a week. Miscellaneous, $10.00 a week. And also, income tax, $7.00 a week.”