PER CURIAM.
These combined appeals are from the final judgment of a dissolution of a marriage and from interlocutory appeals arising out of two interlocutory orders. They are consolidated for all appellate purposes.
The former husband, Curtis Speight, in his appeal from the final judgment, urges that the trial court erred in requiring him to pay to his wife $6,350 representing her share of two joint savings accounts. The division of jointly-owned personal property, when prayed for in the complaint, is a proper matter to be adjudicated within a dissolution of marriage proceeding. See Banfi v. Banfi, Fla.App.1960, 123 So.2d 52. The only substantial question presented is whether or not the evidence is sufficient to support the finding of the trial court that the husband did not have the right to the entire proceeds of the two accounts. Our review of the record convinces us that a showing of the commingling of the earnings of the parties in many of the areas of the marriage is sufficient in this case to support the finding of the trial judge. Cf. Hendricks v. Hendricks, Fla.App.1975, 312 So.2d 792.
Appellant’s interlocutory appeals challenge the wife’s right to an attorney’s fee and the amount thereof and the order assessing costs against the husband. It is apparent that these matters are ordinarily within the discretion of the trial judge. We find that no abuse of discretion has been ■ shown in view of the relative financial abilities of the parties and the fact that the wife has custody of the child of the marriage. See Ginsberg v. Ginsberg, Fla.App.1961, 127 So.2d 137.
Affirmed.