DAUKSCH, Judge.
This is an appeal from a Final Judgment in a dissolution case. The parties were married to each other in 1959 and lived together as husband and wife until the end of 1972. During the marriage the husband gave a brooch to the wife and caused to be titled in her name an out-of-state warehouse. The marital home of the parties was in the wife’s name solely as' well. The trial court awarded the husband a special equity in the brooch and some Puerto Rican bonds which the wife purchased from the proceeds of the sale of the foreign warehouse. The trial court refused to award to the husband a special equity in the former marital home. The wife appealed the Judgment awarding the special equity to the husband in the brooch and the bonds. The husband appealed the Judgment denying him a special equity in the proceeds of the marital home. We find merit in the wife’s contention and cannot find merit in the contention of the husband. Therefore we affirm in part and reverse in part.
As to the emerald brooch the husband said that he gave the jewelry to his wife with the understanding that it was not to be worn but secreted and kept until it appreciated in value. He said it w;as an investment made by him and not a gift to her. This brooch was purchased some 13 or *640 14 years prior to the separation of the parties and was worn by the wife as any other piece of jewelry a lady wears and there is insufficient evidence in the record to overcome the presumption that this brooch was a gift from the husband to the wife.
When the husband and his partner purchased a warehouse in Connecticut they put the title to the warehouse in the names of their respective wives. The Appellee says he put it in the Appellant’s name to make it more convenient to him in case his prior wife or some creditor might want to attach his property. While we do not find that the husband had the property placed in his wife’s name in order to defraud creditors we do find that again the evidence is insufficient on the part of the husband to overcome the presumption of a gift from the husband to the wife. This is further strengthened by the evidence that the husband made no claim against the proceeds of the sale of the warehouse or the municipal bonds which were purchased from those proceeds until this dissolution action was begun. The sale was in 1971 and the Petition for Dissolution was filed in 1974.
The rule which was applicable at the time this matter was tried was that the burden was upon the husband to overcome the presumption of a gift by conclusive evidence. Schoenrock v. Schoenrock, 202 So.2d 571 (Fla.2d DCA 1967).
As we said above the husband cross-appealed for a special equity in the wife’s interest in the marital home. The evidence indicates that the house was originally in joint names then placed in the wife’s name only because the husband wanted to avoid the consequences of the Connecticut attachment law'and for estate planning purposes. The husband again failed to overcome the presumption that he made a gift to the wife when he titled the home in her name. Therefore that Judgment of the trial court must be affirmed just as surely as Judgment in regard to the brooch and bonds must be reversed. The ruling in Ball v. Ball, 335 So.2d 5 (Fla.1976) is not applicable here because the petition was filed prior to that decision.
REVERSED IN PART, AFFIRMED IN PART.
DOWNEY, J., and SCHWARTZ, ALAN R., Associate Judge, concur.