349 So.2d 782 (1977)
Clifton BROCK, Husband, Appellant,
v.
Mary Alice BROCK, Wife, Appellee.
No. EE-158.
District Court of Appeal of Florida, First District.
September 2, 1977.
Rehearing Denied October 4, 1977.
*783 John E. Norris of Brannon, Brown, Norris, Vocelle & Haley, Lake City, for appellant.
David E. Bembry of Davis, Browning & Hardee, Madison, Mary Alice Brock, pro se, for appellee.
YAWN, THERON A., Jr., Associate Judge.
Appellant seeks review of the trial court's order denying his post judgment demand that his former wife be ousted of custody of their minor daughter and her custody awarded to him. He does not rely so much upon his claim of superior fitness as he does upon the fact that the child's mother cohabited with a man to whom she was not married and who testified falsely concerning their relationship, his own marital status and other collateral matters.
After listening to fourteen witnesses present 237 pages of testimony the trial court concluded that:
"... to remove the child from her present environment would serve only as a punishment to the mother for her one indiscretion rather than as a change for the best interests of the child."
We neither condone nor sanction the conduct of the mother or that of the man with whom she lived. Had we sat as trier of the facts and heard all the conflicting testimony we might have reached a conclusion different from that of the trial judge. We are not at liberty, however, to substitute our judgment for his absent a demonstrated abuse of discretion. The decision of our Supreme Court in Dinkel v. Dinkel, Fla., 322 So.2d 22, and that of this Court in Miller v. Miller, Fla.App., 342 So.2d 85 require that the judgment appealed from be affirmed.
However, in doing so we do not ignore Appellant's contention that:
"There is only one issue before this Court and that is to decide whether perjury and fraud are to be rewarded, condoned and sanctioned and to deny a man, whose character is not questioned, and who can furnish his child with a wholesome environment, the custody of the child he loves."
This argument overlooks the ancient and widely respected principle that the paramount issue in child custody cases is the welfare and best interests of the child itself to which all other considerations, including the wishes, the emotions, and the interests of the disputing parents are, and must remain, subordinate. Judgments in child custody proceedings are instruments for the protection of the child's interests. *784 They are not intended as a reward for the conduct of one parent nor as a punishment for the misconduct of the other.
No abuse of discretion having been shown, the order appealed from is
AFFIRMED.
McCORD, C.J., concurs.
MILLS, J., dissents.
MILLS, Judge, dissenting:
I dissent. I would reverse and award custody of the child to the father.
I cannot agree with the trial court and the majority here that the welfare and best interests of the child would be served by granting custody to a mother who cohabits with a man to whom she is not married, a man who testified falsely in this case on several occasions. Are we looking out for the welfare and best interests of a child when subjecting her to such a home? I say no. Aren't we obligated to do our best to insure that this child is taught good morals? I say yes. The best way to teach good morals is by example. What an example we have here!
It is appropriate to be forgiving and understanding of the conduct of this mother. I join with my brethren in this, however, our duty is to the child. We must do our utmost to assure that this child is reared in a home which teaches by words and actions, good morals and truthfulness. To do otherwise, we completely disregard the welfare and best interests of the child. This I will not do. This child is entitled to every chance possible to mature into a law abiding citizen of our society.