352 So.2d 867 (1977)
Michael ROSENBERG, Appellant,
v.
Melody ROSENBERG, Appellee.
No. 76-1628.
District Court of Appeal of Florida, Third District.
October 25, 1977.
Rehearing Denied December 7, 1977.
Charles R. Lipcon, Miami, for appellant.
James O. Nelson, Miami, for appellee.
Before HENDRY, C.J., and HAVERFIELD and HUBBART, JJ.
PER CURIAM.
This is an appeal by the husband and a cross-appeal by the wife of the financial provisions of a final judgment granting the wife's petition for dissolution of their marriage and other relief, entered by the Circuit Court of Dade County, Florida.
The parties were married for approximately eleven years. They have two children: a boy, seven, and a girl, four years of age. The wife is about thirty-two years old and the husband's age is near that of the wife's. The husband is a practicing orthodontist and the wife is a housewife, not otherwise employed, but capable of obtaining employment that would pay her from One Hundred, Fifty to Two Hundred Dollars per week. The husband's annual earnings, as shown by him, were Twenty-Two Thousand, Eight Hundred Dollars, after deducting business expenses relating to his dental profession, and taxes. The wife contended that his earnings far exceed that amount. They lived in a home owned by them as tenants by the entireties, valued at One Hundred Thousand Dollars, to One Hundred, Ten Thousand Dollars. There was no special equity shown in the wife. It is encumbered by a mortgage of Sixty-three Thousand Dollars, payable at Five Hundred, Ninety-six Dollars per month. They jointly owned two automobiles, a 1974 model Pontiac and a 1971 model Ford; a nineteen-foot motor boat, furniture, and personal property in the marital domicile.
The court found that the marriage between the parties was irretrievably broken and that the wife and two minor children will need permanent alimony and support monies from her husband to enable her to properly support her self and their two minor children.
Based upon these and other findings, the court entered judgment that provided, among other things, that the bonds of matrimony be dissolved; that the custody of *868 the two minor children be awarded to the wife; that the wife be awarded as lump sum alimony the husband's interest in the marital home; that the husband shall have as his personal property the sterling silver service contained the home; that the parties shall divide equally the jointly owned furniture contained in the home; that the wife shall have as her personal property the 1974 Pontiac automobile owned by the parties; that the husband shall have as his personal property the 1971 Ford automobile and the Thunderbird motor boat; that the husband shall be responsible for all existing outstanding debts attributable to the children; that the husband pay to the wife the sum of Four Hundred Dollars per month per child as and for support until each child is emancipated or becomes self supporting; that the husband shall pay to the wife the additional sum of Three Hundred Dollars per month as and for permanent periodic alimony during her lifetime or until she shall remarry, and that the husband shall pay costs and reasonable attorney's fees for representing the wife.
Appellant's contentions in this appeal are that the trial court erred in awarding to the wife as lump sum alimony his interest in the home and Three Hundred Dollars per month permanent periodic alimony, in addition to reasonable attorney's fees for her attorney. We have carefully reviewed the record on appeal, considered the briefs and arguments of counsel and have concluded that the trial court did not err in awarding to the wife as lump sum alimony the husband's interest in the home owned by the parties as tenants by the entireties. Harder v. Harder, 264 So.2d 476 (Fla. 3d DCA 1972).
As to the award of Three Hundred Dollars per month permanent periodic alimony to the wife, it is our view that the court erred in such award as the record does not support an award of permanent periodic alimony to the wife. In lieu of the award of permanent periodic alimony, we are hereby amending that part of the judgment to provide for an award of rehabilitative alimony payable to the wife in the sum of Three Hundred Dollars per month for a period of three years from date of this court's decision. Thigpen v. Thigpen, 277 So.2d 583 (Fla. 1st DCA 1973); Mertz v. Mertz, 287 So.2d 691 (Fla. 2d DCA 1973); Linares v. Linares, 292 So.2d 63 (Fla. 3d DCA 1974), and Shaw v. Shaw, 334 So.2d 13 (Fla. 1976).
No other error having been made to appear on appeal or cross-appeal, the judgment as amended is affirmed.
Affirmed in part and reversed in part.

ON REHEARING
Rehearing denied.
HENDRY, C.J., and HAVERFIELD, J.
HUBBART, Judge, dissenting.
Upon reconsideration of this case, I would grant the appellee's petition for rehearing, deny the appellant's petition for rehearing, and affirm the judgment of the trial court in all respects. In my view, the majority herein has substituted its judgment for that of the trial court through re-evaluation of the testimony and evidence from the record on appeal and has concluded that three years rehabilitative, rather than permanent alimony would be more appropriate. That clearly is not our function. No demonstration has been made or could be made that the trial judge acted arbitrarily without any competent evidence in ordering permanent alimony in this case. Accordingly, it is our duty to affirm the judgment of the trial court and not re-try the case on appeal. Herzog v. Herzog, 346 So.2d 56 (Fla. 1977); Shaw v. Shaw, 334 So.2d 13 (Fla. 1976).
Alimony has been traditionally considered an allowance which a husband is required to make in order to maintain his wife in the event of separation or divorce and is based on the common law obligation of a husband to support his wife. Floyd v. Floyd, 91 Fla. 910, 108 So. 896 (1926). In determining the nature and amount of such alimony, the courts have established two criteria: (1) The husband's ability to pay, and (2) the needs of the wife, taking into consideration *869 the standard of living shared by the parties to the marriage. Sisson v. Sisson, 336 So.2d 1129 (Fla. 1976); Firestone v. Firestone, 263 So.2d 223 (Fla. 1972); Sharpe v. Sharpe, 267 So.2d 665 (Fla.3d DCA 1972); Carmel v. Carmel, 282 So.2d 6 (Fla.3d DCA 1973).
Quite properly, these are criteria of the broadest nature, not susceptible to a precise formula automatically translatable to dollars and cents. The trial court of necessity has a wide discretion to apply the established criteria in fashioning a fair and equitable alimony award in the infinite variety of cases that come before it. Absent a showing that the trial court exercised this discretion arbitrarily or unfairly, alimony awards made pursuant to such criteria must be sustained on appeal. Shaw v. Shaw, 334 So.2d 13 (Fla. 1976); Bosem v. Bosem, 279 So.2d 863 (Fla. 1973); Pfohl v. Pfohl, 345 So.2d 371, 375 (Fla.3d DCA 1977); Lee v. Lee, 309 So.2d 26 (Fla.2d DCA 1975).
In the instant case, it cannot be said that the trial court abused its discretion in applying the established criteria to fashion the alimony award herein. The husband clearly has the financial ability to provide permanent alimony to the wife; the wife has only a marginal ability to maintain an adequate standard of living when working at her full income potential; the husband has provided a relatively high standard of living during the marriage; the wife has been given the custody of two children of tender years; the wife has made a substantial contribution during the marriage to the husband's professional progress; and the marriage herein was of relatively long duration. These are all significant factors in sustaining an award of permanent alimony. Waskin v. Waskin, 346 So.2d 1060 (Fla.3d DCA 1977); McAllister v. McAllister, 345 So.2d 352 (Fla.4th DCA 1977).
The alimony award herein is well within the realm of reasonable justification and the only way that it could be reversed is by substituting our judgment for that of the trial court in re-evaluating and weighing the testimony and evidence in this cause. I must therefore respectfully dissent.