368 So.2d 97 (1979)
Thomas FRASER, Appellant,
v.
Fay FRASER, Appellee.
No. 78-1128.
District Court of Appeal of Florida, Third District.
March 6, 1979.
Marvin & Sheppard and Dennis P. Sheppard, Miami, for appellant.
Albert E. Schrader, Jr., Coral Gables, for appellee.
Before HAVERFIELD, C.J., and PEARSON and BARKDULL, JJ.
PER CURIAM.
Petitioner, Thomas Fraser, appeals the alimony provision of a dissolution of marriage judgment.
A final judgment was entered dissolving the bonds of the twenty-year marriage between Thomas and Fay Fraser. Fay Fraser was awarded custody of the two minor children, ages seventeen and fifteen, and child support of $50 per week. In addition, the trial judge entered the following alimony award:
* * * * * *
"4. ALIMONY. By the way of lump sum and periodic alimony, in view of the long standing marriage and disparate earning capacity of the two people, FAY FRASER is awarded THOMAS FRASER'S interest in the house at 3900 S W 122nd Avenue, Miami, Florida, and THOMAS FRASER is ordered to continue to make the payments on the mortgage, being responsible for the mortgage payments to the extent of $275.00 a month, FAY FRASER being responsible for the balance of the monthly payments until such time as the mortgage is retired. In the event that the house is sold before then, or death of the parties, payment shall cease. This order shall remain in effect as long as FAY FRASER is alive and living in the house. If the house should be sold before her death and the mortgage retired, THOMAS FRASER shall continue to make payment in the amount of $275.00 to her per month."
* * * * * *
We reverse.
The record reflects that Thomas Fraser, a sales manager, earns a net income of approximately $1,000 a month. Other than his undivided interest in the marital residence, he has no major assets. Fay Fraser had worked part-time most of her married life and was currently earning $500 per month. She is in good health.
The award of Thomas Fraser's interest in the marital residence is unsupported by the record in that there is no showing of necessity on Fay Fraser's part. See Cummings v. Cummings, 330 So.2d 134, 136 (Fla. 1976); Meredith v. Meredith, 366 So.2d 425 (Fla. 1978). We, therefore, vacate this award and remand the cause to the trial court with directions to (a) award Fay Fraser and the minor children possession of the marital *98 home until further order of the court, and (b) make such other provisions for the payment of mortgages, insurance, taxes, etc. as may be equitable. See e.g. Meredith v. Meredith, 352 So.2d 72, 73 (Fla. 4th DCA 1977).
In light of the above holding, we set aside the award of $275 as permanent periodic alimony and remand this question to the trial court for reconsideration. This opinion is not to be construed as our passing upon the merits of Fay Fraser's entitlement to and/or amount of permanent or rehabilitative alimony.
Reversed and remanded.