BARKDULL, Judge.
The husband appeals a final judgment of dissolution of his marriage, particularly the award of alimony, custody, and attorney’s fees.
The marriage began in 1962, produced two daughters, and was dissolved by the trial court in 1977. The trial court referred the matter of the fitness of the parents to the Department of Health and Rehabilitative Services, which ultimately recommended that the children would be better off with the mother, with visitation rights to the father. The trial court then entered an order awarding custody to the wife, $800.00 monthly permanent alimony, $75.00 weekly for child support, and requiring the home (valued from $100,000.00 to $300,-000.00) to be held as tenants in common with use to the wife during the minority of the children. The trial court entered a later order, giving the wife’s attorney $10,-000.00 in fees.
The husband is a dentist, 40 years of age, who grosses about $40,000.00 per year ($28,-000.00 net). Under the present award, he will have to pay $17,400.00 per year in alimony and child support. He has expenses of about $1,200.00 per month over and above these payments. The husband shows the court that his wife is in excellent health, has previously taught school (during the first two years of marriage, earning $5,300.00 per year); she has a college degree and a broker’s license. During the marriage, she worked part time at a real estate office, earning $3,500.00 from such part time employment in 1975. The two children are 8 and 10 years of age; the wife is 36.
The appellant contends that the testimony regarding the husband’s financial situation and the wife’s earning capacity does not support an award of $800.00 monthly permanent alimony. See: Rosenberg v. Rosenberg, 352 So.2d 867 (Fla. 3d DCA 1977) where, under similar facts, this court rejected an award of $300.00 per month alimony. We agree. Alimony, under the facts as found, should only have been rehabilitative.[1]
*670 Therefore, this cause will be remanded to the trial court to ascertain the length of time the rehabilitative alimony should continue.
Secondly, appellant contends the wife should not have custody of the children. We find no merit in this contention. See: Dinkel v. Dinkel, 322 So.2d 22 (Fla.1975); Brock v. Brock, 349 So.2d 782 (Fla. 1st DCA 1977).
Lastly, appellant contends the award of $10,000.00 in attorney’s fees was excessive. In view of the fact that this matter will be returned to the trial court and that this opinion reverses as to permanent alimony, the trial judge may consider the amount of fees in this case because, obviously, the amount awarded was based on a recovery for the wife of permanent alimony, whereas now she will receive rehabilitative alimony. An essential ingredient of an award of attorney’s fees is the benefit to the client. The original award having been based on a greater recovery for the wife than she will ultimately receive, the trial judge may be desirous of reconsidering his award.
Therefore, for the reasons above stated, the final judgment here under review be and the same is hereby reversed and remanded, with directions.
Reversed and remanded, with directions.
KEHOE, J., dissents.

. The trial judge made several findings during the course of these proceedings that indicated the wife was capable of rehabilitation. See: Beard v. Beard, 262 So.2d 269 (Fla. 1st DCA *670 1972); Thigpen v. Thigpen, 277 So.2d 583 (Fla. 1st DCA 1973); Rosenberg v. Rosenberg, supra. He also, by his final judgment, attempted to make an award of permanent alimony in the nature of rehabilitative alimony, wherein he said:
* * * * * Hi
“1. The Court finds the Wife to be mentally competent and physically able to obtain employment and the award of $800.00 monthly Alimony, made permanent, subject to ‘revision in light of any change in circumstances which may occur in the future’ is not intended by the Court to give the Wife a vested interest in Husband’s earnings for life. It is the Court’s intention that during these next years the Wife will use her industry and skills to ultimately make her own way, if possible, while also exercising her first obligation as mother and custodian of the parties’ two minor children.”
******