370 So.2d 845 (1979)
Marion L. WINNER, Appellant,
v.
Linda Gayle WINNER, Appellee.
No. 78-1651.
District Court of Appeal of Florida, Third District.
May 8, 1979.
*846 Steinberg & Sorota and Samuel S. Sorota, Miami Beach, for appellant.
Koeppel, Stark & Newmark and Robert Gellman, Miami, for appellee.
Before HENDRY, HUBBART and SCHWARTZ, JJ.
SCHWARTZ, Judge.
In the final judgment of dissolution the trial judge, in addition to making awards of child support and two and one-half years of periodic rehabilitative alimony, (a) determined that the appellant-husband had, during the marriage, made a gift of some $16,000 worth of diamonds to the appellee-wife, and (b) granted $30,000 in lump sum alimony, payable in six semi-annual payments of $5,000 each, beginning when the rehabilitative alimony payments terminated. The husband's appeal in this case challenges both of these rulings.
We find error in the lower court's ruling that a gift of the diamonds had been validly effected. At the time that Mr. Winner uttered the "words of donative intent" upon which the wife relies, and at all times since, the gems in question were in the possession of a North Carolina bank where they had been pledged as security for a loan. There was no evidence either that the diamonds had physically changed hands or that there had been a symbolic transfer of title or control over them, by writing or otherwise, from the husband to the then-Mrs. Winner. Thus, the record fails completely to establish the existence of either an actual or constructive delivery of the property at issue. There can be no question both that a delivery is an essential element of any gift of personal property, 15 Fla.Jur., Gifts, § 14-19 (1957), and that this requirement is directly applicable to asserted gifts between spouses. Jones v. Ferguson, 150 Fla. 313, 7 So.2d 464 (1942). As the court said in Fuller v. Fuller, 215 So.2d 507, 510 (Fla. 4th DCA 1968):
"The essential elements of a gift between husband and wife are delivery, actual or constructive, intent of the donor to divest himself of all dominion and control, *847 and acceptance by the donee, which may be presumed as in other cases. 41 Am.Jur.2d, Husband and Wife, § 259. It is almost uniformly held that a gift inter vivos or causa mortis may be effected by a writing without delivery, where the writing is a deed or an instrument under seal; it has also been held that a deed is effective as a gift, without delivery of the property, if a manual delivery is impracticable or impossible. As in all transfers by written instruments the language must express a present intention to pass title. In order to constitute a valid gift, the deed must pass beyond the dominion and control of the donor and come within the power and control of the donee. 38 Am.Jur.2d, Gifts, § 31." [e.s.]
Nor is there anything in either Ball v. Ball, 335 So.2d 5 (Fla. 1976), or those of its progeny which involve personalty, e.g. Merrill v. Merrill, 357 So.2d 792 (Fla. 1st DCA 1978), which in any way affects this rule. The absence of evidence of any species of a valid delivery, compare Burnham v. Burnham, 343 So.2d 639 (Fla. 4th DCA 1977), therefore requires reversal of that portion of the final judgment which orders that the husband transfer either the diamonds or their money value to the wife.
In view of the evidence concerning the contributions of the wife to the husband's business and of their respective financial status and capital holdings, we find no abuse of discretion in the trial judge's action in making an award of lump-sum alimony, Yandell v. Yandell, 39 So.2d 554 (Fla. 1949); Cann v. Cann, 334 So.2d 325 (Fla. 1st DCA 1976); or in his determinations of the manner and timing of its payment. Bosem v. Bosem, 279 So.2d 863 (Fla. 1973); Storer v. Storer, 353 So.2d 152 (Fla. 3d DCA 1977), cert. denied, 360 So.2d 1250 (Fla. 1978). We therefore reject the husband's claim of error in this facet of the final judgment. Herzog v. Herzog, 346 So.2d 56 (Fla. 1977); Shaw v. Shaw, 334 So.2d 13 (Fla. 1976).
However, the amounts awarded below to the wife in both periodic-rehabilitative and lump-sum alimony may well have been influenced by the finding of her entitlement to the diamonds, which we have reversed. We therefore remand the cause so that the trial judge may reassess these aspects of the final judgment, take further testimony if he deems it appropriate, and determine, in his discretion, whether the provisions for the wife should be increased commensurately. Bradley v. Bradley, 327 So.2d 253, 254 (Fla. 4th DCA 1976); Drucker v. Drucker, 239 So.2d 117 (Fla. 3d DCA 1970); see Jones v. Jones, 330 So.2d 536, 539 (Fla. 1st DCA 1976).
We reach the same conclusion as to the lower court's denial of the wife's claim for attorney's fees, which she has challenged on cross-appeal. Because this action may also have been based on the holding that Mrs. Winner was the owner of $16,000 worth of jewels and was thus in a financial position to pay her own fees, see Ross v. Ross, 341 So.2d 833 (Fla. 3d DCA 1977), cert. denied, 354 So.2d 984 (Fla. 1977), this issue should be likewise reconsidered on remand in the light of our holding that she is not entitled to the diamonds.
Reversed in part, remanded with directions.