376 So.2d 418 (1979)
Arthur J. GRIFFITH, Appellant,
v.
Thelma J. GRIFFITH, Appellee.
No. 78-2283.
District Court of Appeal of Florida, Third District.
October 23, 1979.
Rehearing Denied November 30, 1979.
*419 Herbert A. Warren, Miami, for appellant.
Goodman, Dumberg & Hochman and Richard G. Dunberg, Miami, for appellee.
Before HENDRY, BARKDULL and NESBITT, JJ.
BARKDULL, Judge.
The appellant husband appeals a final judgment of dissolution of marriage, attacking the awards of alimony and the disposition of property.
The parties were married for 16 years and had two children, ages 13 and 8. They own two major pieces of property; one is an apartment complex with an equity of $50,000.00, the other is a Coral Gables home with an equity of $67,000.00. At the time of the divorce, the husband's sole job was the operation and maintenance of the apartment complex. The wife is 37 years old; she has never worked outside the home during the marriage, with the exception of assisting her husband with the various apartment complexes they have owned. Before the marriage, she worked for a brief time as a telephone solicitor and, at the time of the final hearing, she expressed her intent to return to school to acquire secretarial skills so that she might get a job.
The final judgment awarded the wife $100.00 monthly for child support, $125.00 monthly permanent periodic alimony and the husband's half interest in the marital home as lump sum alimony. The judgment also ordered the apartment complex to be held as tenants in common, the cars titled in the husband's name to be sold and the proceeds divided, and other personal property to be divided.
The appellant contends: that the trial court erred in awarding the wife the marital home as lump sum alimony where there was no showing of need on the part of the wife; that the trial court erred in not awarding the husband a special equity in the apartment complex; that the trial court erred in granting permanent rather than rehabilitative alimony, the wife being able and having expressed her desire to return to the working world.
We reverse the award of lump sum alimony as not justified under the evidence in this record. Cummings v. Cummings, 330 So.2d 134 (Fla. 1976); Meredith v. Meredith, 366 So.2d 425 (Fla. 1978); Fraser v. Fraser, 368 So.2d 97 (Fla. 3d DCA 1979). We affirm the denial of the husband's claim of special equity to the wife's one-half interest in the apartment complex; his evidence failed to warrant such an award. Gonzales v. Gonzales, 156 So.2d 206 (Fla.3d DCA 1963); Ball v. Ball, 335 So.2d 5 (Fla. 1976); Evans v. Evans, 337 So.2d 998 (Fla. 4th DCA 1976). We modify the award of permanent alimony to make same rehabilitative. The wife was employable, willing to seek work and not in need of permanent alimony. Cann v. Cann, 334 So.2d 325 (Fla. 1st DCA 1976); Crees v. Crees, 342 So.2d 1014 (Fla. 4th DCA 1977); Manning v. Manning, 353 So.2d 103 (Fla. 1st DCA 1977); Zaugg v. Zaugg, 357 So.2d 201 (Fla. 3d DCA 1978); Nott v. Nott, 368 So.2d 669 (Fla. 3d DCA 1979).
Therefore, so much of the final judgment as awarded the wife the husband's interest in the residence as lump sum alimony is reversed. The final judgment awarding permanent alimony is modified by amending it to provide for rehabilitative rather than permanent alimony, the rehabilitative alimony to continue until the youngest child *420 of the parties reaches 18 years of age or leaves his mother's custody, whichever is earlier. In all other respects the final judgment under review is affirmed.
Reversed in part, modified in part, affirmed in part.