376 So.2d 924 (1979)
Marion L. WINNER, Appellant,
v.
Linda G. WINNER, Appellee.
No. 79-346.
District Court of Appeal of Florida, Third District.
November 13, 1979.
Steinberg & Sorota and Samuel S. Sorota, Miami Beach, for appellant.
Koeppel, Stark & Newmark and Robert L. Koeppel, Miami, for appellee.
Before HENDRY, BARKDULL and SCHWARTZ, JJ.
PER CURIAM.
During the pendency of a prior appeal between these parties [see: Winner v. Winner, 370 So.2d 845 (Fla.3d DCA 1979)], the trial court entered three orders which are the subject matter of this appeal. One required the appellant to pay $1,731.00 as costs expended by the appellee in the defense of the original final judgment in proceedings in a foreign state. It also required the appellant to pay $3,400.00 as reasonable attorney's fees for appellate work in the prior appeal. The second order found the appellant in contempt for failure to pay the $1,731.00, and the third order was, in fact, a final judgment awarding to the wife $3,400.00 in attorney's fees, $16,000.00 due the wife in lieu of the diamonds referred to in the earlier opinion, costs, and additional attorney's fees. We reverse all three orders.
As to the first order, we reverse so much of same which awarded costs of $1,731.00 because no prior notice of the hearing or pleading claiming such was served on the appellant. We reverse that portion of the order awarding $3,400.00 as appellate attorney's fees because the trial court lacked jurisdiction to award a fee for services rendered in this court. The proper method to secure such fees is pursuant to Rule 9.400(b), Florida Rules of Appellate Procedure. The appellee contends that these fees were justified because this is a domestic relations matter and they are provided for in Rule 9.600(c), Florida Rules of Appellate Procedure. We disagree. The attorney's fees and suit money provided for in this latter rule are those that might be incurred in a trial court in enforcing the provisions of a final judgment, contrasted to services rendered in representing a party in an appellate process.
As to the order holding the appellant in contempt for failing to pay the $1,731.00 in costs, because of what is said above this order is obviously erroneous and will be reversed.
*925 The last order, the final judgment for the amounts found to be due the appellee, is reversed because the appellee lost the $16,000.00 in lieu of the diamonds pursuant to the prior opinion in this cause [see: Winner v. Winner, supra], and this opinion has above set aside the $3,400.00 in attorney's fees. The other costs and attorney's fees, contained in this order, necessarily fall.
Therefore, the order recorded January 25, 1979, awarding $1,731.00 as costs and $3,400.00 as reasonable attorney's fees, be and the same is hereby reversed and remanded to the trial court to consider the award of costs upon an appropriate petition and notice. The order of contempt recorded February 16, 1979 be and the same is hereby set aside and reversed. The final judgment recorded February 16, 1979 be and the same is hereby set aside and reversed.
Reversed and remanded, with directions.