378 So.2d 1251 (1979)
Joe M. CREEL, Appellant/Cross-Appellee,
v.
Judith Ann CREEL, Appellee/Cross-Appellant.
No. 78-2079.
District Court of Appeal of Florida, Third District.
December 18, 1979.
Rehearing Denied January 28, 1980.
*1252 Mershon, Sawyer, Johnston, Dunwody & Cole and Mark V. Silverio, Miami, for Joe Creel.
Sinclair, Louis, Siegel & Heath and John L. Zavertnik, Miami, for Judith Ann Creel.
Before PEARSON, HUBBART and SCHWARTZ, JJ.
PEARSON, Judge.
The appellant Joe M. Creel and the appellee Judith Ann Creel were married for 16 years. At the time of the dissolution of their marriage, there were two children aged 4 and 6 years. There was extensive discovery and a lengthy trial, at the conclusion of which the judge entered a judgment dissolving the marriage and providing that the wife should have custody of the parties' children, and that the husband should pay child support in the sum of $625.00 per month per child. The wife was awarded lump sum alimony in the sum of $15,000.00 and the husband's interest in the marital home. In addition, she was given rehabilitative alimony at the rate of $500.00 per month for two years. By separate order, the court awarded the wife $7,000.00 attorneys fees to be paid by the husband. The husband has appealed all of the above financial provisions, and the wife has cross-appealed urging that the trial judge erred in failing to award her permanent instead of rehabilitative alimony and in failing to award her an interest in certain real property purchased by the husband during the marriage.

I.
The husband's principal argument in his appeal is that the trial judge misconceived the evidence and erroneously determined that the husband's income from his dental practice was much higher than it actually was. In presenting his argument to this court, the husband has advanced ten points. In the face of this broad attack upon the judgment of the trial court, we feel that it will be unnecessary to discuss each point separately. We point out that we have examined the record in the light of the briefs and find there is evidence to support the trial judge's findings.
Concerning the husband's contention that the wife was not entitled to lump sum alimony in the parties' jointly owned marital home, we hold that under this record we are bound by Section 61.08, Florida Statutes (1977), and the pronouncements of the Florida Supreme Court in such cases as Herzog v. Herzog, 346 So.2d 56 (Fla. 1977); Shaw v. Shaw, 334 So.2d 13 (Fla. 1976); and the dissent of Hubbart, J., in Rosenberg v. Rosenberg, 352 So.2d 867 (Fla.3d DCA 1977), adopted by the Supreme Court of Florida in its opinion on petition for certiorari at 371 So.2d 672 (Fla. 1979). Similarly, with regard to the contention that the child support is excessive, see Herzog v. Herzog and Shaw v. Shaw, supra. Therefore, we must affirm these two points.
We fail to find error in the order of the trial court awarding the parties' country club membership to the wife, as this item of personal property was offset by others awarded to the husband. Also, the husband stipulated in the record that he had no objection to the wife's receiving this membership.
The husband's sixth point presents a question of the appropriateness of an order directing him to pay the wife's attorney fees to the extent of $7,000.00. Although the wife received substantial assets in the judgment below, nevertheless, a review of these awards reflects that her position is not, in fact, similar to that of the husband for purposes of making attorney fee payments. See the principle of law in Turney v. Turney, 149 So.2d 83, 85 (Fla.3d DCA 1963). In this regard, the $15,000.00 in lump sum alimony was earmarked by the court for repairs to the marital home and for purchasing an automobile for the wife. This, along with the husband's interest in the marital home, which the wife was awarded as lump sum alimony, are not of a nature to be considered as readily accessible financial sources for payment of attorneys fees. Also, there is the additional fact that the husband has been, and is, continuously *1253 generating earned income, while the wife does not, and has not for several years. When considering all these factors in the aggregate, there is created a set of circumstances impelling the affirmance of the award of attorneys fees as set out in the judgment appealed. This determination is in accord with the proposition that the courts should consider "... the financial resources of the parties as reflecting one party's need for, and the other party's ability to pay, reasonable attorney's fee." Ludemann v. Ludemann, 317 So.2d 860, 861 (Fla.4th DCA 1975). See generally, Speight v. Speight, 319 So.2d 197 (Fla.3d DCA 1975); and cf. Ritter v. Ritter, 362 So.2d 384 (Fla.3d DCA 1978).
The seventh point on appeal urges that it was error to include in the judgment a provision that the husband should hold the wife harmless on a $13,500.00 note jointly executed by the parties to the husband's father. A review of the record concerning this loan shows that the money advanced by the husband's father was in effect an advancement for living expenses and to enable the parties to purchase a home. The home was later sold and the proceeds went into the home which has, by this same judgment, been awarded to the wife. Under these circumstances, there is no basis to hold that the husband benefited to a greater degree than the wife from the loan, and there is no equitable basis in the record upon which the husband should be required to absolve the wife from responsibility thereon. It is incumbent upon the trial court, in determining on whose shoulders the debts of the marriage should fall, to consider carefully the various equities of the parties as established by the evidence. See the principle stated in Italiane v. Italiane, 342 So.2d 1003, 1005 (Fla.4th DCA 1977).

II.
The wife's cross-appeal urges error in the trial court's failure to award permanent instead of rehabilitative alimony. There have been cases before this court in which we have found that the evidence did not support rehabilitative alimony. See McNaughton v. McNaughton, 332 So.2d 673 (Fla.3d DCA 1976); and Goldstein v. Goldstein, 310 So.2d 361 (Fla.3d DCA 1975). The holdings in these cases are not applicable to the facts of the case at bar because there is evidence in the present record which, if believed by the trial court, supports his findings that the wife (the appellee/cross-appellant) is in fact capable not only of rehabilitation in the business and professional world, but also of earning a substantial income even though burdened with the care of two small children. We feel that the decision of the trial judge on the type of alimony to be awarded is especially within his province. The same principles requiring us not to retry the issue of the amount of alimony and child support also require us to hold that there is no error under this point. See Herzog v. Herzog and Shaw v. Shaw, supra, and cf. the principles of law in Lee v. Lee, 309 So.2d 26, 28 (Fla.2d DCA 1975).
The second point on cross-appeal urges that the trial judge erred in failing to award the wife a special equity in the husband's interest in the Transue Trust property. The record, viewed in the light of the argument of the parties on this point, demonstrates no basis for a declaration of a special equity in the wife in these investments by the husband. Under such circumstances, it would have been error for the trial court to have awarded the wife an interest in this property. See Ball v. Ball, 335 So.2d 5 (Fla. 1976); Tanner v. Tanner, 194 So.2d 702 (Fla.2d DCA 1967); and Roberts v. Roberts, 101 So.2d 884 (Fla.2d DCA 1958).

III.
In accordance with the above disposition of the various points raised in the appeal and cross-appeal, we hereby affirm the judgment, except for the requirement that the husband hold the wife harmless on the $13,500.00 note.
*1254 SCHWARTZ, Judge (concurring in part, dissenting in part).
In my view, the record does not justify the award as lump sum alimony of the husband's interest in the marital home, which was the primary asset of the parties. See Meridith v. Meridith, 366 So.2d 425 (Fla. 1978); Cummings v. Cummings, 330 So.2d 134 (Fla. 1976); Griffith v. Griffith, 376 So.2d 418 (Fla.3d DCA 1979); Fraser v. Fraser, 368 So.2d 97 (Fla.3d DCA 1979). I would therefore reverse that provision of the final judgment and remand the cause for consideration of granting the wife the exclusive possession of the home for the period of her residence there with the minor children. McRae v. McRae, 52 So.2d 908 (Fla. 1951); Hoskin v. Hoskin, 329 So.2d 19 (Fla.3d DCA 1976). Since the reversal of the award of the husband's half of the home would effect a substantial diminishment of the benefits provided to Mrs. Creel by the judgment, I would also vacate the award for two years of rehabilitative alimony so that the chancellor may determine whether that provision should be commensurately increased. See Winner v. Winner, 370 So.2d 845, 847 (Fla.3d DCA 1979). In all other respects, I agree with Judge Pearson's opinion.
HUBBART, Judge (concurring in part, dissenting in part)
I concur in the opinion and judgment of the court as announced by Judge Pearson insofar as it affirms the final judgment under review; I must respectfully dissent, however, insofar as the court reverses that portion of the final judgment which requires the husband to hold the wife harmless on a note executed by the parties to the husband's father. In my view, the court in reversing on this aspect of the case has merely substituted its judgment for that of the trial court through re-evaluation of the testimony and evidence from the record on appeal and has concluded that it would be more equitable for both parties to remain liable on the note. That clearly is not our function. No demonstration has been made or could be made that the trial judge acted arbitrarily without any competent evidence in making this award. Accordingly, it is our duty to affirm the judgment of the trial court and not retry the case on appeal as to this issue. Rosenberg v. Rosenberg, 371 So.2d 672 (Fla. 1979) adopting 352 So.2d 868 (Fla.3d DCA 1977) (Hubbart, J., dissenting); Herzog v. Herzog, 346 So.2d 56 (Fla. 1977); Shaw v. Shaw, 334 So.2d 13 (Fla. 1976).
The record on appeal reveals that no interest or principal has ever been paid on the note herein although the parties received the monies on it prior to October 1969, that the husband's father who is a lawyer has never made a demand on the note, and that the note was an obligation in form only as the husband's father testified he would never sue the parties to collect on the note. Based on this showing, the trial court was fully justified in concluding, as it did, that the note did not evidence a bona fide debt of the parties, and, to the extent that it did, the husband should hold the wife harmless thereon as a form of lump sum alimony based on the authority of Hechler v. Hechler, 351 So.2d 1122 (Fla. 3d DCA 1977). The record amply supports this award just as surely as it supports the other awards of lump sum alimony which this court has properly upheld. Accordingly, the above award should be affirmed.
As to the balance of the issues involved in this case, I agree entirely with the court's opinion and judgment. Quite properly, we have declined to interfere with the trial court's discretion on such matters based on the established law of this state. Indeed, it is for precisely that reason that I would decline to single out the note provision of the final judgment and interfere with the trial court's discretion on that matter.
I would affirm the final judgment appealed from in all respects.