BARKDULL, Judge.
The appellant-husband appeals a final judgment of dissolution of marriage, complaining about the awards of alimony and attorney’s fees to the wife and the requirement that he continue private education for the child.
*MXC From the record, it appears the parties’ nine-year marriage produced one child who was born in 1971. By agreement, custody was given to the mother. The other portions of the final judgment required the husband to pay $75.00 per week child support; to maintain health, medical, dental insurance for the child; to provide a $10,-000.00 life insurance policy for the child, and to maintain the child in the Montessori schools or other private school. The wife was given the husband’s interest in the marital home as lump sum alimony [the home is valued at approximately $50,000.00, with an equity of approximately $18,-600.00]. The court also found that the wife was able to work full time as a nurse, but that she needed $50.00 per week rehabilitative alimony for one year for educational retraining. Further, the court held that the wife was unable to pay attorney’s fees; that the husband could, and that the fee would be set at a later date.
The husband, who is a former Episcopalian priest, now works for the Dade County court as a director of counselling. He earns approximately $17,000.00, netting approximately $12,000.00 a year. After he makes the payments required by the final judgment, he will have about $400.00 a month for personal expenses.
The wife works as a full time nurse and nets about $1,000.00 less than the husband. The wife points out that she has very little in the way of personal assets, while the husband has about $1,800.00 in cash and owns two cars worth approximately $1,000.00.
The husband also contends that the trial court erred in awarding to the wife lump sum and rehabilitative alimony and attorney’s fees, where she is employed and earns practically as much as he does, and that the matter of the private education of the child was never raised by the pleading or financial affidavits and the education is presently an emolument of prior employment and is not an expense contemplated in the past nor one that the husband will be able to meet in the future.
We agree that the lump sum alimony to the wife of the husband’s undivided one-half interest in the marital home was erroneous. There is no positive showing in this record of necessity on the part of wife and ability of the husband to pay, necessary to sustain the award of lump sum alimony appealed herein. Cummings v. Cummings, 330 So.2d 134 (Fla.1976); Meredith v. Meredith, 366 So.2d 425 (Fla.1978); Fraser v. Fraser, 368 So.2d 97 (Fla. 3d DCA 1979); Martin v. Martin, 366 So.2d 475 (Fla. 1st DCA 1979), opinion filed October 11, 1979; Griffith v. Griffith, 376 So.2d 418 (Fla. 3d DCA 1979). Accordingly, that portion of the final judgment awarding the wife the husband’s one-half interest in the marital home is reversed.
We modify the requirement that the appellant supply the cost of private schooling to read that he shall furnish private schooling only so long as it is on a gratis basis because of his prior affiliation with the private school, but that he shall not be required to provide the private schooling at his expense.
Since the other financial provisions of the final judgment may have been influenced by the lump sum award to the wife of the marital home, which we have reversed, the cause is remanded to the trial court so it may reconsider these other aspects of the final judgment. The court may take further testimony in this regard if it deems it appropriate. Fraser v. Fraser, supra; Winner v. Winner, 370 So.2d 845 (Fla. 3d DCA 1979).
Reversed in part, modified in part, and remanded to the trial court.