398 So.2d 943 (1981)
Anne Wheeler EVANS, Appellant,
v.
Loring P. EVANS, Jr., Appellee.
No. 80-2096.
District Court of Appeal of Florida, Third District.
May 12, 1981.
Rehearing Denied June 19, 1981.
Sibley, Giblin, Levenson & Glaser and Marion E. Sibley, Miami Beach, for appellant.
Daniels & Hicks and Sam Daniels, A.J. Barranco, Jr., Miami, for appellee.
Before HUBBART, C.J., and SCHWARTZ and DANIEL S. PEARSON, JJ.
PER CURIAM.
The final judgment of dissolution awarded the appellant alimony in the amount of $2,500 per month to be reduced to $1,250 per month after sixty months. We find this reduction to be error and reverse. See Foss v. Foss, 392 So.2d 606 (Fla. 3d DCA 1981); Colucci v. Colucci, 392 So.2d 577 (Fla. 3d DCA 1981). We remand with directions that alimony payments in the amount of $2,500 per month continue until the remarriage of the wife or the death of either of the parties. See DeVito v. DeVito, 393 So.2d 1189 (Fla. 3d DCA 1981). The final judgment of dissolution is otherwise affirmed upon the authority of Schwartz v. Schwartz, 396 So.2d 806 (Fla. 3d DCA 1981), and Rosen v. Rosen, 386 So.2d 1268 (Fla. 3d DCA 1980), rev. denied, 392 So.2d 1379 (Fla. 1981) (where the husband's major assets are indisputably the result of inheritance or gift and unrelated to the labors of either party during coverture, the wife, in the absence of some other justification, is not entitled to a lump sum award simply by virtue of the husband's ability to pay).
Affirmed in part; reversed in part and remanded with directions.
HUBBART, Chief Judge (dissenting).
I must respectfully dissent. I would affirm the final judgment under review in all respects based on the authority of Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Rosenberg v. Rosenberg, 371 So.2d 672 (Fla. 1979), adopting 352 So.2d 867, 868-69 (Fla. 3d DCA 1977) (Hubbart, J., dissenting); Herzog v. Herzog, 346 So.2d 56 (Fla. 1977); Shaw v. Shaw, 334 So.2d 13 (Fla. 1976).
The trial court in the instant case did not award the wife herein permanent periodic alimony in the amount of $2,500 per month to be reduced to $1,250 per month after sixty (60) months as indicated in the court's opinion herein. On the contrary, the trial court in the final trial court under review awarded the wife: (a) $1,250 per month in rehabilitative alimony for sixty (60) months; and (b) permanent periodic alimony in the amount of $1,250 per month. Said final judgment reads in pertinent part as follows:
"8. This Court specifically finds that the Respondent is an intelligent, attractive *944 woman, in good health, and capable of contributing to her own support and maintenance. This Court also specifically finds that the Respondent is in need of and the Petitioner has the financial means to contribute to the Respondent's support and maintenance for a period of time to enable the Respondent to enter the business world and obtain employment. This Court specifically finds that a reasonable period of time for the vocational rehabilitation of the Respondent is five (5) years. Accordingly, the Petitioner shall pay to the Respondent the sum of $1,250.00 per month as and for rehabilitative alimony, such payments commencing on the 15th day of August, 1980, and continuing to be paid on the 15th day of each and every month thereafter for a period of sixty (60) consecutive months, at which time all payments of rehabilitative alimony shall forever cease. In the event of the death of the Petitioner or Respondent or remarriage of Respondent prior to the expiration of the Petitioner's obligation to pay rehabilitative alimony to the Respondent, all payments of rehabilitative alimony to the Respondent shall cease forever.
9. This Court further specifically finds that the Respondent needs and the Petitioner has the financial means by which to provide the Respondent with payments of periodic permanent alimony. Accordingly, the Petitioner shall pay to the Respondent the sum of $1,250.00 per month as and for periodic permanent alimony, such payments commencing on the 15th day of August, 1980, and continuing to be paid on the 15th day of each and every month thereafter until the death of Petitioner or Respondent or remarriage of the Respondent."
This court now reverses the above judgment and remands the cause with directions that "alimony payments in the amount of $2,500 per month continue until remarriage of the wife or death of either of the parties." The trial court cannot, however, simply adjust, as ordered, a $2,500 permanent periodic alimony award so as to delete a purported $1,250 reduction thereof because the trial court never awarded the wife $2,500 in permanent periodic alimony with such a reduction in the first place. In order to comply with this court's remand order, the trial court will have to make the $1,250 rehabilitative alimony award, as provided in paragraph eight of the final judgment, permanent in nature  so that the wife has two separate permanent alimony awards of $1,250 per month each, for a grand total of $2,500 per month in permanent alimony. Any other result upon remand, pursuant to this court's decision, makes little sense.
So far as I am aware, there is no authority in this state which reverses a trial court in a marriage dissolution action, as the court in effect does herein, for failing to give a wife two separate awards of permanent alimony; indeed, I know of no authority which would have authorized the trial court to make such a double award in the first place. Surely, the authorities cited in the court's opinion do not even remotely stand for such a proposition.
Beyond that, the court has, in my view, reweighed the evidence in the record on appeal, substituted its judgment for that of the trial court, and concluded that the amount of permanent alimony given by the trial court to the wife was not enough; the court repairs this perceived insufficiency by requiring upon remand the above double permanent alimony award. This clearly is not our function as an appellate court. No demonstration has been made or could be made by the court that the trial judge acted arbitrarily without any competent evidence in ordering the permanent and rehabilitative alimony awards in this case; indeed, the record more than amply supports these awards. See e.g., Garrison v. Garrison, 351 So.2d 1104, 1105 (Fla. 4th DCA 1977). As such, it is our duty to affirm the judgment of the trial court and not retry this case on appeal as the court, in effect, has done herein. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Rosenberg v. Rosenberg, 371 So.2d 672 (Fla. 1979), adopting 352 So.2d 867, 868-69 (Fla. 3d DCA 1977) (Hubbart, J., dissenting); Herzog v. Herzog, 346 So.2d 56 (Fla. 1977); Shaw v. Shaw, 334 So.2d 13 (Fla. 1976).
*945 In all other respects, I agree with the court's disposition of this appeal. I would affirm.