431 So.2d 302 (1983)
Suzanne B. AULT, Appellant,
v.
James W. AULT, Appellee.
No. 82-2340.
District Court of Appeal of Florida, Second District.
May 13, 1983.
Stevan T. Northcutt of Levine, Freedman, Hirsch & Levinson, P.A., Tampa, for appellant.
Ralph C. Dell of Allen, Dell, Frank & Trinkle, Tampa, for appellee.
SCHEB, Judge.
Suzanne B. Ault challenges one of the provisions in a final judgment of dissolution of her marriage to James W. Ault.
In its final order, the trial court awarded the wife lump sum and rehabilitative alimony, child support, and in general arrived at a distribution leaving each party with substantial assets. The wife does not raise any complaint of unfairness other than her argument that the judge erred in refusing to require the husband to continue funding private educations for their daughters, ages twelve and fifteen.
The wife argues that the children have been continually enrolled in private schools thus demonstrating a need and an expectation that they will continue receiving a private education. She also points out that the husband, who is a fifty-six-year old practicing attorney, is receiving a substantial annual income, while she allegedly is not in a position to fund her children's private education. The husband, on the other hand, asserts that this is a matter within his discretion and that it would be improper for the court to require him to pay for private schooling. He submits that Thomas v. Thomas, 377 So.2d 1009 (Fla. 3d DCA 1979), supports his position.
In his order, the trial judge noted that he was not requiring the husband to pay for private schooling for the children, pursuant to the authority of Thomas. In Thomas the husband was a former Episcopal priest, whose net income at the time of the dissolution was $12,000. The parties' minor child was receiving a free education at a private school because of the father's prior affiliation with the school. The trial court's final judgment required the husband to maintain his child in a private school. However, the Third District agreed with the husband's contention that he would be unable to meet these expenses in the future and held:
We modify the requirement that the appellant supply the cost of private schooling to read that he shall furnish *303 private schooling only so long as it is on a gratis basis because of his prior affiliation with the private school, but that he shall not be required to provide the private schooling at his expense.
377 So.2d at 1010.
Thomas does not apply to the present case, and the trial judge here erred in relying on it as authority for his holding. We do not reach the issue of whether the judge erred in not requiring the husband to pay for his children's private schooling. We are only saying that Thomas is not applicable and, thus, it was not proper for the trial judge to have relied on it in the exercise of his discretion.
Determining the amount of child support rests primarily in the discretion of the trial judge. The court may order either or both parties to a dissolution proceeding to pay child support in an amount which is equitable in light of the circumstances of each party and the nature of the case. § 61.13(1), Fla. Stat. (1981); Peak v. Peak, 411 So.2d 325 (Fla. 5th DCA 1982). Such child support may include private schooling if the trial court determines that it should be provided. See Fox v. Haislett, 388 So.2d 1261 (Fla. 2d DCA 1980).
Accordingly, we strike that part of the final judgment which reads: "The Court is not requiring Respondent to pay for private schooling for the minor children [under authority of Thomas]." We remand with directions to the trial court to rule on educational expenses without relying on Thomas.
OTT, C.J., and RYDER, J., concur.