PER CURIAM.
The husband appeals a final judgment in a dissolution of marriage case. The wife cross-appeals. We address only one point raised by the husband and reverse on that basis. We have considered the remaining points advanced by both parties and find they are without merit.
The husband claims it was error for the trial court to characterize $215,000 in jewelry purchased with marital assets as “gifts to the wife and therefore not subject to division.” We agree. The jewelry here under dispute was not a single item such as in Burnham v. Burnham, 343 So.2d 639 (Fla. 4th DCA 1977), nor an item coming from a source outside the marriage as in Sihler v. Sihler, 376 So.2d 941 (Fla. 2d DCA 1979). Rather, the Ruiz jewelry represents an asset accumulated as a result of a course of conduct whereby twenty per cent of the couple’s marital funds were so invested over a period of years. The husband testified that the jewelry was purchased for investment. The wife testified that the jewelry represented gifts made by *700 the husband. The trial court found for the wife on this issue so it is clear the gift was bestowed upon the wife. However, it is uncontroverted that the jewelry was purchased during the marriage and with marital funds. As such, it became subject to equitable distribution. In that regard, we find that section 61.075 Florida Statutes (Supp.1988), although not in effect at the time of the final hearing, is declaratory of existing Florida law wherein it states that “marital assets and liabilities include ... interspousal gifts during the marriage.” See also Gardner v. Gardner, 452 So.2d 981 (Fla. 5th DCA 1984) (separate property includes assets from inheritance, property owned prior to marriage, and gifts from third parties).
In awarding the wife all of the jewelry in addition to the otherwise equitable share of marital assets, a degree of inequity resulted that cannot be perceived as lying within the trial court’s discretion. See Marcoux v. Marcoux, 464 So.2d 542 (Fla.1985); Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); see also Alexander v. Alexander, 479 So.2d 815 (Fla. 4th DCA 1985). In making its determination as to the equitable distribution of marital assets, the trial court should have included all appropriate assets. For these reasons, we reverse and remand for further proceedings consistent with this opinion.