287 So.2d 691 (1973)
Robert B. MERTZ, Appellant,
v.
Annette H. MERTZ, Appellee.
No. 72-794.
District Court of Appeal of Florida, Second District.
September 28, 1973.
*692 Joseph J. Davies, St. Petersburg, for appellant.
Hugh E. Reams, Kiernan & Reams, St. Petersburg, for appellee.
McNULTY, Judge.
Appellant-husband in this dissolution of marriage proceeding presents four points on appeal, only two of which are meritorious and require reversal. Appellee's cross-appeal is without merit.
First, we think the trial court erred in awarding appellee-wife rehabilitative alimony in the absence of a showing of facts sufficient to establish a need therefor. The term "rehabilitative" alimony contemplates sums necessary to assist a divorced person in regaining a useful and constructive role in society through vocational or therapeutic training or retraining, and for the further purpose of preventing financial hardship on society or the individual during the rehabilitative process.[1] Here, no such rehabilitation process is shown to be necessary nor, indeed, is it contemplated according to the testimony of the wife. At the time of trial, she had a separate intangible estate consisting of approximately $163,000 in stocks and bonds, $1,800 in savings, a one-third interest in a $28,000 mortgage, and received appellant's interest in the marital home as lump sum alimony, there being no grounds for special equity.[2]
Appellant, on the other hand, had accumulated about $37,000 in stocks and other investments, had approximately $10,000 equity in his office building and $3,000 in savings. Furthermore, while he is a physician who had a net income of about $25,000 the previous year (his best year), he was then 64 years old with only a few working years left to attain financial security, and by the terms of the judgment will continue to bear the burden of support and college educations for the couple's two teenage daughters. Rehabilitative alimony was inappropriate.
Concerning the second reversible point on appeal, appellant complains of the order requiring him to pay a portion of appellee's attorney's fees. We think he is right. The purpose of awarding attorney fees under the new dissolution of marriage law[3] has not changed, in our view, from *693 the purposes contemplated by its predecessors; that purpose is to ensure that both parties will have reasonably the same ability to secure competent legal counsel. Here, the wife is clearly on equal if not superior footing with the husband to secure such counsel. It was error to award her one-half of her reasonable attorney's fees.
Accordingly, the judgment appealed from should be, and it is hereby, affirmed in part and reversed in part; and the cause is remanded to the trial court for action not inconsistent herewith.
LILES, Acting C.J., and HOBSON, J., concur.
NOTES
[1] Cf. Stamm v. Stamm (Fla.App. 1972), 266 So.2d 413, and Beard v. Beard (Fla.App. 1972), 262 So.2d 269.
[2] See, e.g., Steinhauer v. Steinhauer (Fla. App. 1971), 252 So.2d 825.
[3] See, Ch. 61, Fla. Stat. 1971, F.S.A.