CARROLL, Judge.
The appellee wife filed a petition for dissolution of marriage. Judgment was entered dissolving the marriage and therein the court ordered that the interest of the husband in two described parcels of real estate owned by the parties as tenants by the entireties should be conveyed to the wife, and that the wife should pay the husband the sum of $20,000. The husband filed a timely petition for rehearing, seeking change or modification of the provisions of the judgment with reference to the jointly owned property.
Following a rehearing upon which testimony was taken, the judgment was amended with respect to such property. In the order entered, the court found the wife had not established an equity in the husband’s interest in the property; that there was no agreement for division thereof, and that the pleadings were inadequate to invoke partition. The order amended or modified the judgment to provide: “The property of the parties held as estate by entireties shall be held by the parties in accordance with Florida Statutes, 689.15 F. S.A. as tenants in common.” A motion for rehearing filed by the wife was denied, and she filed this appeal from the order or judgment entered on rehearing, and from the order denying her petition for rehearing thereof.
The appellant contends first that the court erred by failing to make an award to compensate her for certain items of joint personal property and money which the husband appropriated prior to the filing of the action. In the answer filed by the wife, as affirmative relief it was prayed that the court order the husband to return to her the personal and business records and certain securities which she averred the husband had taken. In response thereto the appellee points out that records taken by the husband were returned later; that while one automobile was taken by the husband a second one was retained by the wife; that the money taken was in a joint savings account, and that there was lack of testimony concerning the securities. On consideration of the record we find no sufficient basis to hold the trial judge in error in that regard.
The second contention of the appellant is that the court committed error by failing to hold that the properties which were jointly owned were the property of the wife. The findings and decision of the trial court regarding the property held by the parties as tenants by the entireties are supported by competent substantial evidence in the record. Steinhauer v. Steinhauer, Fla.App.1971, 252 So.2d 825; Bergh v. Bergh, Fla.App.1966, 127 So.2d 481, 487; Valentine v. Valentine, Fla.1950, 45 So.2d 885.
No reversible error having been shown, the orders appealed from are affirmed.