301 So.2d 472 (1974)
Katherine Lawson BATEMAN, Appellant,
v.
Jack Howard BATEMAN, Appellee.
No. T-292.
District Court of Appeal of Florida, First District.
October 15, 1974.
Selig I. Goldin, of Goldin & Turner, Gainesville, for appellant.
Philip Barton and Harold Silver, of Barton & Cox, Gainesville, for appellee.
PER CURIAM.
This is an appeal from a final judgment dissolving the marriage of the parties and awarding rehabilitative alimony to appellant for a period of two years. The appellant's contention on appeal is that the lower court erred in failing to award permanent alimony to appellant.
We have heard oral argument in this cause and have carefully examined the record on appeal and the briefs submitted by the parties. Upon our consideration thereof, it is our conclusion that there was no abuse of discretion on the part of the trial judge in the denial of permanent alimony. The record clearly illustrates that there was a fair and equal distribution of property and assets accumulated by the parties during the marriage and that the appellant is in good health and possesses employment potential and capability sufficient to provide for her own needs.
As the courts of this State have reiterated numerous times since the 1971 enactment of the new "no fault" dissolution of marriage law, the recitation of marriage vows neither diminishes a wife's capacity for self-support, nor does it give her a vested right in her husband's earnings for the remainder of her life. Beard v. Beard, *473 262 So.2d 269 (Fla.App.1st, 1972). The 1971 enactment places both parties to the marriage on a basis of complete equality as partners sharing equal rights and obligations in the marriage relationship and sharing equal burdens in the event of dissolution. Thigpen v. Thigpen, 277 So.2d 583 (Fla.App.1st, 1973).
Appellant having failed to adequately demonstrate an abuse of discretion on the part of the lower court, the judgment appealed herein is affirmed.
Appellant's motion for attorney fees in connection with this appeal is denied.
Affirmed.
JOHNSON, Acting C.J., and SPECTOR and BOYER, JJ., concur.