305 So.2d 212 (1974)
George B. STORER, Appellant,
v.
Dorothy M. STORER, Appellee.
No. 74-740.
District Court of Appeal of Florida, Third District.
December 17, 1974.
Rehearing Denied January 22, 1975.
Patton, Kanner, Nadeau, Segal, Stobs & Zeller, Miami, for appellant.
Kelly, Black, Black & Kenny and William G. Earle, Miami, for appellee.
*213 Before PEARSON and NATHAN, JJ., and GREEN, ROBERT A., Jr., Associate Judge.
PER CURIAM.
This interlocutory appeal is from an order of the circuit court denying the husband's motion to quash.
The motion was grounded upon lack of jurisdiction of the subject matter and of the parties and insufficiency of service of process. Attached to the husband's motion to quash was a copy of a final judgment of divorce dated May 30, 1972, entered by a Wyoming state court on a complaint for divorce brought by the husband. The complaint by the wife for dissolution of marriage was filed May 22, 1972, in Dade County, Florida; it was later amended to include a request for other relief, including alimony and adjudication of property rights.
The appellant presents four issues on appeal: (1) Whether the wife was a legal domiciliary of the State of Wyoming when she was served with process in the State of Florida in accordance with the laws of the State of Wyoming so as to render the Wyoming decree conclusive upon the issue of alimony and property rights? (2) Whether the Wyoming judgment of divorce, which not only divorced the parties but also made an award of alimony, is entitled to full faith and credit under the Constitution of the United States? (3) Whether the wife was entitled to collaterally attack the Wyoming decree in Florida? (4) Whether it was error for the court to refuse to dismiss the complaint for dissolution of marriage when it appeared that the wife had not been a Florida resident for six months before filing her complaint for dissolution of marriage?
In answering these questions, we first look to the findings of fact recited by the chancellor in the order denying the motion to quash:
"... until January, 1972, the legal residence of both of the parties was Wyoming. The Court further finds that the residence of George B. Storer remained in Wyoming, but that Dorothy M. Storer, between January, 1972, and April 25, 1972, changed her legal residence from that of Wyoming to Florida, and on April 25, 1972, the date upon which she was served with process in Florida in the Wyoming divorce proceedings, and thereafter, she was not a domiciliary of Wyoming but was a domiciliary of the State of Florida."
It is well established that the chancellor's findings come to the appellate court clothed with a presumption of correctness, and should not be disturbed unless they are clearly erroneous; and that the appealing party has the burden of demonstrating that the decision is clearly erroneous. Marx v. Goldfinger, Fla.App. 1966, 187 So.2d 380; Mitchell v. Morse Operations, Inc., Fla.App. 1973, 276 So.2d 248. After careful review of the record on appeal, we find there was substantial evidence to support the chancellor's findings of fact.
We next look to the conclusions of law which the chancellor included in the order.
"... that the decree of the Wyoming court is entitled to full faith and credit under the Constitution of the United States insofar as it relates to the dissolution of the marriage but that the Wyoming decree is not entitled to full faith and credit under the Constitution of the United States insofar as it attempted to adjudicate alimony and the property rights of the parties since Dorothy M. Storer was not a domiciliary of Wyoming on April 25, 1972 ..." and "... that the provisions in the Wyoming decree of divorce relating to the wife's alimony right or other property rights are not binding upon her or upon this court and that this court has *214 complete jurisdiction to adjudicate questions relating to her alimony and property rights."
From careful review of the briefs of counsel, and the arguments discussed therein, as applied to the chancellor's findings of fact, we find there was no error of law.
Therefore, for the reasons stated, the order appealed is affirmed.
Affirmed.