314 So.2d 156 (1975)
Henry L. COLMAN, Husband, Appellant,
v.
Peggy W. COLMAN, Wife, and Frankie Snider, Third-Party Respondent, Appellees.
No. 73-906.
District Court of Appeal of Florida, Fourth District.
June 13, 1975.
*157 L. Danner Hiers of Felder Bettinghaus & Hiers, Winter Park, for appellant.
John M. Cain, Orlando, for appellee, Peggy W. Colman.
OWEN, Chief Judge.
Henry Colman, whose marriage to Peggy Colman lasted fifty-one years before being dissolved, appeals from the final judgment, assigning error to those portions which awarded the wife (1) a special equity in certain real and personal property held in the name of the husband only, or in his name jointly with a third person, (2) lump sum alimony consisting of the marital home and contents, and (3) attorney's fees and costs.
Appellant has failed to demonstrate error as to the award to Peggy Colman of a special equity in the real and personal property, all of which is more specifically described in the final judgment. There is in the record substantial competent evidence upon which the trial court could find and determine that all such real and personal property was bought from the proceeds of prior real estate sales all of which were traceable to an original acquisition of property in the parties' joint names.
The award of lump sum alimony and the award of attorney's fees was error. The record shows without serious dispute that neither of the parties, because of their respective ages, had any real earning capacity. However, by virtue of the special equity awarded to the wife her total assets substantially equaled (if not exceeded) those of the husband. The amount involved was quite substantial and under the circumstances the wife simply showed no need for, and therefore was not entitled to alimony, lump sum or otherwise. Belcher v. Belcher, 271 So.2d 7 (Fla. 1972); Raley v. Raley, 50 So.2d 870 (Fla. 1951); Mertz v. Mertz, 287 So.2d 691 (2nd DCA Fla. 1973). By the same token she did not demonstrate her need for an award of attorney's fees and costs. Section 61.16, F.S.; Belcher v. Belcher, supra; Darcy v. Darcy, 285 So.2d 59 (4th DCA Fla. 1973); Mertz v. Mertz, supra.
The final judgment is modified by vacating the award to the appellee, Peggy Colman, of the house and contents as lump sum alimony, and the award to the wife of attorney's fees and costs. In all other respects, the final judgment is affirmed.
Affirmed as modified.
CROSS and DOWNEY, JJ., concur.