ON MOTION FOR ATTORNEY’S FEES
BOYER, Chief Judge.
Appellee, the husband in the divorce proceeding below, has moved this' Court to award him reasonable attorney’s fees pursuant to Rule 3.16(e), F.A.R., incident to the successful prosecution of his *21 appeal. In support of his motion, appellee claims that the financial circumstances of the parties reveals the wife’s ability to pay such fees and his own inability to pay same. In fact, our reading of the record supports that contention.
Were the roles reversed in this appeal and were it the husband who was in the better financial condition, we would have no qualms in awarding attorney’s fees to the wife. Should the result be any different merely because it is the husband who is the prevailing litigant on appeal? As this Court has previously noted in reference to the new “no-fault” dissolution of marriage law, “The 1971 enactment places both parties to the marriage on a basis of complete equality as partners sharing equal rights and obligations in the marriage relationship and sharing equal burdens in the event of dissolution.” Bateman v. Bateman, Fla.App. 1st, 1974, 301 So.2d 472 at 473. This equality includes equality of liability obligation and responsibility. We, therefore, conclude that under the circumstances of this case, the husband’s motion for attorney’s fees should be granted.
Inasmuch as the trial court is in a better position than are we to take testimony and evidence as may be necessary in fixing an appropriate fee, the case is remanded to the trial court to fix an amount of attorney’s fees to be awarded incident to this appeal. In passing, we note that one factor which the trial court should take into consideration when fixing the amount of the award is that the appeal taken in the case sub judice was so devoid of merit as to require no opinion from this Court other than a per curiam affirmance. See Mummaw v. Mummaw, Fla.App., 319 So.2d 201, Opinion filed September 5, 1975.
Motion granted and remanded for proceedings consistent herewith.
MILLS and McCORD, JJ., concur.