330 So.2d 134 (1976)
Paul Eugene CUMMINGS, Petitioner,
v.
Dorothy June CUMMINGS, Respondent.
No. 44908.
Supreme Court of Florida.
March 31, 1976.
*135 Michael L. Hastings, of Parker, Battaglia, Parker, Ross & Stolba, St. Petersburg, and Antinori, Cohen & Thury, Tampa, for petitioner.
Ann Loughridge Kerr, Tampa, for respondent.
BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Second District, reported at 287 So.2d 368. Our jurisdiction is based upon conflict[1] between the decision sought to be reviewed and Gordon v. Gordon;[2]Steinhauer v. Steinhauer,[3]Farrow v. Farrow,[4]Thigpen v. Thigpen,[5] inter alia. The facts of the case are as follows:
Respondent-wife sought a dissolution of marriage from Petitioner-husband, which was granted, Respondent being awarded the marital home, together with furniture, fixtures and appliances therein, as lump sum alimony. Also, Petitioner was directed to pay $535.00 as attorney's fees and costs. The District Court of Appeal, Second District, modified the judgment by setting the attorney's fees at $350.00 and deleting the reference to costs without prejudice to Respondent to file a motion to tax costs in the trial court. The District Court also provided that Petitioner would not be foreclosed from seeking an order under Rule 1.540, Rules of Civil Procedure, "whereby the party who received property as a result of the divorce would be declared primarily liable, as between the parties, for debts which are secured by liens on that property". The parties had been married five years and had no children, and the wife's income was approximately equal to that of the husband, at least during the last few years when both parties were public school teachers.
As stated in Thigpen, supra:[6]
"... The new concept of the marriage relation implicit in the so-called `no-fault' divorce law enacted by the legislature in 1971 [Chapter 71-241, Laws of 1971; Chapter 61, F.S.] places both parties to the marriage on a basis of complete equality as partners sharing equal rights and obligations in the marriage relationship and sharing equal burdens in the event of dissolution."
With this fundamental concept in mind, we turn our attention to the problem of the marital home, which was given to Respondent as lump sum alimony. It is Petitioner's position, and we agree, that the marital home and furnishings owned by the parties in a tenancy by the entireties shall *136 be held after dissolution of marriage of the parties as tenants in common pursuant to Section 689.15, Florida Statutes.[7] Furthermore, in light of the substantially equal income of the parties prior to separation, it is evident that the award of lump sum alimony sub judice is unsupported since there is no positive showing of necessity on the wife's part, even though the husband may possess the pecuniary ability to supply the necessity.[8]
Concerning Petitioner's complaint regarding the order requiring him to pay Respondent's attorney's fees, the parties agree that the stipulation below went only to the reasonableness of an attorney's fee and did not constitute a stipulation by Petitioner to pay such a fee. We think Petitioner is justified in his protest. As stated in Mertz v. Mertz:[9]
"... the purpose of awarding attorney fees under the new dissolution of marriage law has not changed, in our view, from the purposes contemplated by its predecessors; that purpose is to insure that both parties will have reasonably the same ability to secure competent legal counsel. Here, the wife is clearly on equal if not superior footing with the husband to secure such counsel... ."
We find it was an abuse of the court's discretion to require Petitioner to pay Respondent's attorney's fees.
Petitioner's final challenge to the lower court's ruling relates to its failure to make any findings as to the responsibility of the parties regarding the debts incurred by them during marriage. Petitioner suggests that, inasmuch as the individual income of the parties is substantially equal, the debts of the parties as of the date of separation should be divided between them on an equal or 50-50 basis; he adds that to insure equality between them, each party should be given credit for all monies paid toward the satisfaction of any debt if such payment was made subsequent to the separation of the parties. Under the facts of this case, which show that Respondent-wife is in at least as good a financial position as Petitioner-husband, this seems to be an equitable solution. We find that the following quotation from the case of Beard v. Beard,[10] as it relates to alimony, applies equally to the general financial situation of parties to a dissolution of marriage action:
"... In this day and time, women are as well educated and trained in the arts, sciences, and professions as are their male counterparts. The law properly protects them in their right to independently acquire, encumber, accumulate, and alienate property at will. They now occupy a position of equal partners in the family relationship resulting from marriage, and more often than not contribute a full measure to the economic well-being of the family unit. Whether the marriage continues to exist or is severed through the device of judicial decree, the woman continues to be as fully equipped as the man to earn a living and provide for her essential needs. The fortuitous circumstance created by recitation of the marriage vows neither diminishes her capacity for self-support nor does it give her a vested right in her husband's earnings for the remainder of her life.
We hold, therefore, that in light of the facts and circumstances of the instant case, the trial court erred in awarding Respondent the marital home, together with the furniture, fixtures and appliances therein, as lump sum alimony; that it *137 erred in directing Petitioner to pay Respondent's attorney's fees and costs, and that it was error for the court to fail to specify the parties' responsibilities regarding the obligations incurred by them during marriage. By adopting such an equal position regarding the parties' indebtedness, the court will insure that women have both equal rights and equal responsibilities and obligations as required by Article X, Section 5, Florida Constitution. We therefore must reverse the District Court of Appeal on this point.
Accordingly, the decision of the District Court of Appeal, Second District, is quashed and the cause remanded for further proceedings consistent herewith.
It is so ordered.
ROBERTS, ADKINS and HATCHETT, JJ., concur.
ENGLAND, J., dissents with an opinion.
OVERTON, C.J., and SUNDBERG, J., dissent and concur with ENGLAND, J.
ENGLAND, Justice (dissenting).
I respectfully dissent. We have no jurisdiction to review the district court's decision. Whatever our personal views may be as to the "justice" of the cause, they are not appropriately expressed at this third judicial level unless there is a "direct conflict" between the district court's decisions and those of other Florida appellate courts. Article V, Section 3(b)(3), Florida Constitution. Here there is none.
The trial court had the responsibility to exercise its discretionary authority to consider all facts necessary to do equity and justice between the parties. Section 61.08(2), Florida Statutes (1974). Its decision was reviewed in depth by the district court. A majority of the Court, after reviewing the record for a third time, simply disagrees with the result those lower courts reached. Not only is that disagreement constitutionally improper, it is necessarily made from the least reliable source  a second level appellate record.
I would discharge the writ.
OVERTON, C.J., and SUNDBERG, J., concur.
NOTES
[1] Article V, Section 3(b)(3), Florida Constitution.
[2] 192 So.2d 514 (Fla.App. 1966).
[3] 252 So.2d 825 (Fla.App. 1971).
[4] 263 So.2d 588 (Fla.App. 1972).
[5] 277 So.2d 583 (Fla.App. 1973).
[6] Id. at 585.
[7] Naf v. Wahlberg, 288 So.2d 576 (Fla.App. 1974); Steinhauer, supra, see Note 4.
[8] Gordon v. Gordon, supra, see Note 2.
[9] 287 So.2d 691 (Fla.App. 1973).
[10] 262 So.2d 269, 272 (Fla.App. 1972).