342 So.2d 524 (1977)
Irma SOSNOWITZ, Appellant,
v.
Robert Barry SOSNOWITZ, Appellee.
No. 76-1800.
District Court of Appeal of Florida, Third District.
February 1, 1977.
Rehearing Denied March 9, 1977.
*525 Neil Flaxman, Miami, for appellant.
Fine & Brownstein, Miami, for appellee.
Before HENDRY, C.J., NATHAN, J., and DREW, E. HARRIS (Ret.), Associate Judge.
PER CURIAM.
The interlocutory appeal is by the wife from an order of the trial court denying her motion to enforce the terms of a property settlement agreement incorporated in a final judgment of dissolution of marriage entered in 1972.
The sole issue presented on this appeal is the construction of the following portion of the property settlement agreement under the heading, "Alimony to Wife":
"Property jointly held in Connecticut consisting of two 4-family houses shall continue to be so held. The net income realized from the rentals of the property defined as the rents collected less taxes, insurance, mortgage payments including interest, and repairs, shall be divided equally on a quarterly basis subject to an annual certified audit. If at any time within three years the Husband desires to purchase the equity of the Wife, the Wife agrees to sell such equity for the total sum of $8,000.00 cash. This option to purchase the Wife's equity by the Husband shall remain for a period of three years from date hereof." (Emphasis added)
In 1976, the husband exercised his option and filed a certified audit reflecting the income and expenses of the property.
The husband's audit included those items of expense enumerated in the agreement, plus professional fees, utilities and auto usage. The wife contends by motion to enforce final judgment that these additional items of expense were not included in the definition of net income according to the agreement incorporated in the final judgment because the language of that agreement limits the type of expenses to be deducted in making a determination of net income. The trial court found that the expenses enumerated in the property settlement agreement were words of description or explanation and not words of limitation, and accepted the husband's accounting.
Generally, where a property settlement agreement has been executed prior to a dissolution of marriage, purporting to resolve the property rights of the parties, the provisions therein are to be interpreted by the courts like any other contract. Davis v. Davis, 301 So.2d 154 (Fla.3d DCA 1974). Where, as here, the terms of a property settlement agreement are unambiguous, we apply the rule that the test of the meaning and intention of the parties is the content of the written instrument itself. Azalea Park Utilities, Inc., v. Knox-Florida Development Corporation, 127 So.2d 121 (Fla.2d DCA 1961). Therefore, since we have found that the terms of this property settlement agreement are clear and unambiguous, the agreement itself is the best evidence of the specific intent of the parties at the time it was executed. We hold that by its terms, the definition of net income specified in the property settlement agreement limits the type of expenses to be deducted from the rentals to determine net income.
The order of the trial court is reversed and remanded with directions to enter an order consistent with this opinion.
Reversed and remanded with directions.