PER CURIAM.
Lesley Winston, the former husband, appeals the final judgment of dissolution of his marriage to Andrea Jill Winston. Two points are presented: (1) that the trial judge abused his discretion in requiring the father to pay $175 per week for the support of a child with learning disabilities; (2) that the court erred in requiring the husband to pay the wife’s attorney’s fees.
Appellant’s contention that the record did not support the need for $175 per week for the disabled child required us to examine the record carefully. This is especially true because appellant argued that the wife had requested only $125.00 per week for this child. We hold that the record supports the award. Appellant has misread or misinterpreted the record. The wife sought $225.00 per week for the disabled child and $25.00 per week for the second child. Both the need of the mother and the ability of the father are established for the child support award. Cf. Bordman v. Bordman, 231 So.2d 543, 544 (Fla. 3d DCA 1970).
Appellant’s second point urges that the award to the wife of an attorney’s fee of $2,500 must be reversed because of the financial positions of the parties. We are compelled to agree upon the basis of the holding of the Supreme Court of Florida in Cummings v. Cummings, 330 So.2d 134, 136 (Fla.1976).[1] The record is uncontroverted that the appellee wife is better off financially than the husband and her prospects for future earnings are better. We think that the wife’s need for a shifting of this burden to the husband has not been shown.
The judgment is affirmed in all respects except for the requirement that the appel *151 lant pay the appellee’s attorney the sum of $2,500.00, which provision is reversed.
Affirmed in part, reversed in part.

. “We think Petitioner [husband] is justified in his protest [regarding the order requiring him to pay the Respondent-wife’s attorney’s fees]. As stated in Mertz v. Mertz [287 So.2d 691 (Fla. 2d DCA 1973)]:
‘ . . . the purpose of awarding attorney fees under the new dissolution of marriage law has not changed, in our view, from the purposes contemplated by its predecessors; that purpose is to insure that both parties will have reasonably the same ability to secure competent legal counsel. Here, the wife is clearly on equal if not superior footing with the husband to secure such counsel.
We find it was an abuse of the court’s discretion to require Petitioner to pay Respondent’s attorney’s fees.”