363 So.2d 601 (1978)
Alfred M. SCATTERGOOD, Appellant,
v.
Marguerite S. SCATTERGOOD, Appellee.
Nos. 77-1632, 77-1725.
District Court of Appeal of Florida, Fourth District.
October 25, 1978.
Ronald Sales of the Law Office of Ronald Sales, Palm Beach, for appellant.
*602 William M. Cobb of Sullivan & Cobb, Vero Beach, for appellee.
DOWNEY, Chief Judge.
The husband in this case seeks review of a final judgment of dissolution of marriage in which the wife was awarded, among other things, a) a special equity in property titled solely in the husband's name, b) $600 per month alimony until January 1, 1978, when either party could seek modification, and c) one half of her attorney's fees.
The wife had a net worth of approximately $300,000 when these proceedings were commenced; that estate produced income in the amount of $19,500. The husband's net worth was approximately $440,000 and his reported income for 1976 was approximately $20,000. After the final judgment the parties' net worth was approximately equal. The husband is a realtor owning an active successful real estate agency. Both parties were in their early fifties and in bad health.
The parties lived rather lavishly and that factor, along with the other usual considerations, supports the trial judge's award of periodic alimony. However, different considerations pertain in determining an award of attorney's fees. Since the parties stand on an equal footing as far as their net worth is concerned and the wife has income of approximately $19,500 per annum (not to mention the $600 per month alimony) she does not meet the test for an allowance of attorney's fees. As the Supreme Court stated in Cummings v. Cummings, 330 So.2d 134, 136 (Fla. 1976):
"`... the purpose of awarding attorney fees under the new dissolution of marriage law has not changed, in our view, from the purposes contemplated by its predecessors; that purpose is to insure that both parties will have reasonably the same ability to secure competent legal counsel. Here, the wife is clearly on equal if not superior footing with the husband to secure such counsel... .'"
In a very recent case[1] the First District Court of Appeal followed the Cummings rule, saying:
"Although there are conflicting estimates of the parties' respective net worths, the record reveals that both parties have substantial assets. This court has held consistently that when a party has been shown to have the ability to pay for the services of his or her attorney, it is improper to require the other party to pay for those services, even though he or she may have the ability."
See also Colman v. Colman, 314 So.2d 156 (Fla. 4th DCA 1975); Mertz v. Mertz, 287 So.2d 691 (Fla. 2d DCA 1973).
Unquestionably the wife here had the same financial ability to obtain legal representation as did the husband.
Accordingly, the final judgment is reversed as to the award of attorney's fee to the wife and in all other respects the final judgment is affirmed.
REVERSED IN PART; AFFIRMED IN PART.
CROSS and BERANEK, JJ., concur.
NOTES
[1] Butts v. Butts, 362 So.2d 349, 1st DCA Opinion filed August 10, 1978.