376 So.2d 472 (1979)
Ployer P. HILL, Appellant,
v.
Patricia O. HILL, Appellee.
No. 78-379.
District Court of Appeal of Florida, Fourth District.
November 7, 1979.
Michael N. Gomes of Weck, P.A., Pompano Beach, for appellant.
S. Robert Zimmerman, P.A., Pompano Beach, for appellee.
HERSEY, Judge.
This is an appeal from an order directing the husband in a dissolution of marriage proceeding to pay the wife's attorneys' fees in the sum of $3,500 and her costs of $452.80. The sole issue on appeal is the appropriateness of this order.
The record discloses that subsequent to dissolution of the marriage the wife had assets in the range of $73,000 to $96,000, the difference resulting from conflicting estimates of value. The wife had income from the husband of approximately $10,400, and could reasonably expect a small return from her own investments. The husband has assets worth $7,800 and income of $32,000, from which he was required to pay the wife's alimony.
The social utility behind the no-fault divorce law is expressed in the following language of Thigpen v. Thigpen, 277 So.2d 583, 585 (Fla. 1st DCA 1973):
... The new concept of the marriage relation implicit in the so-called "no-fault" divorce law enacted by the legislature in 1971 [Chapter 71-241, Laws of 1971; Chapter 61, F.S.] places both parties to the marriage on a basis of complete equality as partners sharing equal rights and obligations in the marriage relationship and sharing equal burdens in the event of dissolution.
In augmentation of the same social philosophy, the Supreme Court, quoting from Mertz v. Mertz, 287 So.2d 691 (Fla. 2nd DCA 1973), held in Cummings v. Cummings, 330 So.2d 134, 136 (Fla. 1976):
... the purpose of awarding attorney fees under the new dissolution of marriage law has not changed, in our view, from the purposes contemplated by its predecessors; that purpose is to insure that both parties will have reasonably the same ability to secure competent legal counsel.
*473 The foregoing rule was adopted by this Court in Scattergood v. Scattergood, 363 So.2d 601 (Fla. 4th DCA 1978).
The record discloses that the wife was in an equal or perhaps better position financially to pay attorneys' fees and costs than was the husband.
Accordingly, the order appealed from is reversed and the cause remanded with directions that an amended judgment be rendered consistent with this holding.
For the same reasons we deny appellee's Motion For Attorneys' Fees on this appeal.
REVERSED AND REMANDED.
DOWNEY, C.J., and LETTS, J., concur.