ON MOTION FOR REHEARING
GRIMES, Chief Judge.
Less than a week before we rendered our decision in this case, the supreme court, unbeknown to us, issued its decision in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). In that opinion, which contained a comprehensive analysis of the law on lump sum alimony, the court emphasized that a trial judge has discretion to “award lump sum alimony to ensure an equitable distribution of property acquired during the marriage, provided the evidence reflects (1) a justification for such lump sum payment and (2) financial ability of the other spouse to make such payment without substantially endangering his or her economic status.” At 1201. Thus, while not referring to the cases by name, the court clearly tempered the requirement of a positive showing of necessity for lump sum alimony which it announced in Meridith v. Meridith, 366 So.2d 425 (Fla.1978), and Cummings v. Cummings, 330 So.2d 134 (Fla. 1976), the two cases upon which we based our decision here.
The award of the husband’s interest in the home to the wife as lump sum alimony meets the standards of Canakaris. We note that it is also consistent with the new criteria for the granting of alimony established by the legislature in its recent amendment to Section 61.08, Florida Statutes (1979). See Collinsworth v. Collinsworth, No. PP-154 (Fla. 1st DCA Feb. 15, 1980). Accordingly, we hereby grant the motion for rehearing and affirm the final judgment of dissolution in all respects.
BOARDMAN, J., and ULMER, RAY E., Jr., Associate Judge, concur.