NESBITT, Judge
(concurring in part and dissenting in part).
I concur in affirming the award of permanent periodic alimony to the wife.
*121 I depart from the majority which requires the husband to pay the wife’s counsel fees. The purpose of Section 61.16, Florida Statutes (1979) is to ensure that both parties have equal ability to employ competent counsel. Cummings v. Cummings, 330 So.2d 134 (Fla. 1976); Mertz v. Mertz, 287 So.2d 691 (Fla. 2d DCA 1973). It is not necessary that one spouse be completely unable to pay attorney’s fees in order to require the other spouse to pay for representation. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). In Canakaris, the husband had an admitted net worth of $3,749,930 while the wife’s net worth prior to dissolution was less than $292,000. In requiring the husband to pay the wife’s attorney’s fees, the court noted the husband’s superior financial ability and the inequitable diminution of the wife’s award which would occur otherwise. In this case, the disparity in the financial ability and the inequities found in Canakaris are not present.
In Cummings v. Cummings, supra; Scattergood v. Scattergood, 363 So.2d 601 (Fla. 4th DCA 1978); and Mertz v. Mertz, supra, the courts recognized that where the parties stand on equal footing and the parties have ability to pay for the services of their own attorneys, it is improper to require the other party to pay for those services even though that party may have the ability to do so.
In this case, before the final hearing, the wife filed a financial statement in connection with a loan application representing her total assets to be $232,000. Whatever the wife’s net worth actually was, it is undisputed that she had liquid assets of $118,500. The final judgment awarded her personalty, formerly held as tenants by the entirety, worth a minimum of $40,000. The husband’s net worth was $279,240.43. His net annual income was $60,000, of which more than one-third was awarded to the wife as permanent periodic alimony. Under the test, the wife was financially able to employ counsel of equal calibre to that of her husband’s.