383 So.2d 1115 (1980)
Roscoe Eugene CALDWELL, Appellant,
v.
Joan Marshall CALDWELL, Appellee.
No. 79-1091.
District Court of Appeal of Florida, Third District.
May 13, 1980.
Rehearing Denied June 16, 1980.
*1116 Horton, Perse & Ginsberg and Mallory H. Horton, Miami, for appellant.
Sibley, Giblin, Levenson & Glaser and Marion E. Sibley, Miami Beach, for appellee.
Before SCHWARTZ, PEARSON, DANIEL, JJ., and VANN, HAROLD R. (Ret.), Associate Judge.
VANN, HAROLD R., Associate Judge.
This appeal comes to us from a judgment dissolving the marriage of Roscoe and Joan Caldwell. Each party has taken issue with certain of the award provisions of the judgment. We are called upon first to resolve the claims of the husband that the trial court erred (1) in awarding to the wife the marital home and its various furnishings as lump sum alimony, (2) in awarding to the wife $359.42 a month (for twenty-four months) for the payment of debts incurred by the wife for necessities, and (3) in determining that the wife is entitled to attorney's fees. We are then called upon to resolve the cross-claims of the wife that the trial court erred (1) in awarding her rehabilitative, instead of permanent, alimony and (2) in awarding her an insufficient amount of alimony. After due consideration of the judgment and record, as well as the briefs and arguments of counsel, we find, with one exception, that the trial court acted well within its discretion and, accordingly, all but the award of attorney's fees to the wife must be affirmed. We find that the award of attorney's fees must be reversed as not being consistent with the law of this state in light of the respective financial positions of the parties.
The Caldwells were married in 1955, shortly after the death of Mrs. Caldwell's first husband. Mrs. Caldwell brought significant assets into the marriage;[1] on the other hand, Mr. Caldwell's assets at that time were modest. There is one daughter of the marriage (presently of college age). Mr. Caldwell is in his mid-50's and is a college graduate, who has been employed throughout the marriage and now commands a very good income as a mortgage banker with a company in which he has a substantial ownership interest. Mrs. Caldwell, a junior college graduate now in her mid-40's, has not undertaken lengthy outside employment during the marriage, but is multi-lingual and has the benefit of a family business background in South America, as well as presently possessing a Florida real estate license and being associated with a real estate firm. From stock acquired through her own family and from insurance and other assets acquired after the death of her first husband, she has had her own source of income throughout the marriage. On the other hand, the husband's assets are primarily owned jointly by the two parties through a tenancy by the entireties. The down payment on the marital residence *1117 came from the wife's separate funds and the monthly mortgage payments have been made by the husband.
The court found that the funds the wife brought into the marriage have been expended, in one form or another, as contributions to the marriage, that the wife has an $8,630.00 indebtedness in "outstanding bills for necessities," and that the husband has removed his separate property from the marital residence. Upon these and other findings, the court awarded three years rehabilitative alimony to the wife ($1,150.00 per month), placed the right, title, interest and sole occupancy to the marital residence (and its contents) in the wife, ordered the husband to pay off the wife's indebtedness for necessities ($359.42 a month for twenty-four months), and awarded the wife reasonable attorney's fees in an amount to be determined at the subsequent hearing.
On the basis of the well-recognized and frequently relied-upon principles in such cases as Herzog v. Herzog, 346 So.2d 56 (Fla. 1977); Shaw v. Shaw, 334 So.2d 13 (Fla. 1976); Koeppell v. Koeppell, 351 So.2d 766 (Fla. 3d DCA 1977); and Storer v. Storer, 305 So.2d 212 (Fla. 3d DCA 1974), we hold that the trial court's determinations are supported by competent evidence in the record and demonstrate a proper exercise of discretion in awarding the husband's interest in the marital home and its contents to the wife, in denying the wife permanent alimony, in setting the amount of alimony at $1,150.00 per month, and in ordering the husband to pay for the wife's indebtedness for necessities. With regard to the marital residence, the nature of the wife's assets are such that the trial court could, within its sound discretion, award the husband's interest to the wife. See Gordon v. Gordon, 204 So.2d 734 (Fla. 3d DCA 1967). Also, such an award was not inappropriate in light of the wife's significant financial role at the time of purchasing the residence. Cf. Lawless v. Lawless, 362 So.2d 302 (Fla. 2d DCA 1978). Concerning the points raised by the wife with regard to the question of the award of rehabilitative alimony, instead of permanent alimony, and the question of the amount of alimony, a review of the evidence reveals that the wife's age, financial assets, and present capacity to undertake gainful employment amply support the reasonableness of the trial court's discretion. See Griffith v. Griffith, 376 So.2d 418 (Fla. 3d DCA 1979); and Bateman v. Bateman, 301 So.2d 472 (Fla. 1st DCA 1974). Finally, with regard to the husband's obligation to pay for the wife's indebtedness for necessities, there has been no showing of any abuse of discretion.
In conclusion, however, we find that the trial court did err in its determination that the wife is entitled to attorney's fees. In the present instance, the evidence is clear that both parties have a similar ability to secure competent, legal counsel. Accordingly, we must reverse on this point. See Bullard v. Bullard, 380 So.2d 1090 (Fla. 3d DCA 1980); Scattergood v. Scattergood, 363 So.2d 601 (Fla. 4th DCA 1978); and Mertz v. Mertz, 287 So.2d 691 (Fla. 2d DCA 1973).
Affirmed, except for the award of attorney's fees to the wife, which award is reversed.
NOTES
[1] $100,000.00 insurance proceeds from the first husband's estate, and $29,000.00 miscellaneous assets, as well as sizable assets from family property and stock in South America.