386 So.2d 269 (1980)
S. Alfred PUSEY, Jr., Appellant,
v.
Joan S. PUSEY, Appellee.
Nos. 79-1297, 79-1512.
District Court of Appeal of Florida, Third District.
May 20, 1980.
Revised Opinion On Denial of Rehearing June 30, 1980.
*270 Horton, Perse & Ginsberg and Mallory H. Horton, Miami, for appellant.
Floyd, Pearson, Stewart, Richman, Greer & Weil and Bruce A. Christensen, Miami, for appellee.
Before SCHWARTZ and DANIEL S. PEARSON, JJ., and VANN, HAROLD (Ret.), Associate Judge.

REVISED OPINION
PER CURIAM.
In these consolidated appeals, S. Alfred Pusey, Jr. seeks reversal of an order denying his petition for modification of alimony and granting the counterpetition of his former wife, Joan Pusey, for an increase in alimony and a subsequently entered order awarding her costs and attorney's fees.
On March 5, 1976, a final judgment was entered dissolving the marital bonds between Alfred and Joan Pusey. The judgment incorporated a property settlement agreement which provided the following with respect to Alfred's obligation to pay alimony:
"8. ALIMONY PAYMENTS TO WIFE.

The Husband agrees to pay to the Wife, and the Wife agrees to accept, permanent periodic alimony payments in the sum of One Thousand Four Hundred ($1,400.00) Dollars per month, which sums shall be paid to the Wife by the Husband on a regular periodic basis as he receives his pay from his employer. Said alimony payments are to cease upon the death or remarriage of the Wife, or the death of the Husband, whichever event shall first occur.
"The parties agree that the alimony paid by the Husband to the Wife shall be reduced as follows:
"(a) By such sum as the Wife receives or becomes eligible to receive on a monthly basis from the family trust under the Will of Ralph A. Elmore, deceased.
"(b) If the Wife secures a lump sum rather than monthly trust income payments the reduction shall be the sum that would be produced monthly on said lump sum at the highest bank interest rates payable on such sum on deposit.
"(c) If the Wife secures employment the alimony shall be reduced by 1/3 (one-third) *271 the amount of her monthly salary. (For example, if Wife makes $600.00 per month from gainful employment, her alimony shall be reduced by $200.00)."
In December 1978 the family trust under the Will of Ralph A. Elmore, deceased, was established and all payments which Joan received therefrom were credited to Alfred's obligation to pay alimony. Nevertheless, previous to December 1978, Joan received payments from the estate of her deceased uncle Ralph Elmore unconnected with the family trust. In August 1978 Alfred filed a petition for modification seeking a reduction in alimony payments and in support thereof primarily argued that all monies received by Joan from the estate of her deceased uncle Ralph Elmore, not just those monies under the Elmore family trust, should be credited against his alimony payments. Joan responded and counterpetitioned for an increase in alimony payments. She alleged 1) the increase in Alfred's income and his ability to pay, 2) her poor health, and 3) the increase in the cost of living. After an evidentiary hearing, the trial court entered an order denying Alfred's petition for modification and granting Joan an increase in alimony from $1,400 to $1,700 per month. Subsequently, the court entered an order awarding Joan $8,795.20 as reasonable attorney's fees and costs. Alfred appeals these orders.
Alfred Pusey first urges as reversible error the denial of his petition for modification and basically argues that the court erred in not allowing him to testify regarding the meaning of the alimony provision of the property settlement agreement relating to the payments to be made to Joan under the estate of her deceased uncle Ralph Elmore. We cannot agree.
A property settlement agreement like any other agreement must be given a realistic interpretation based on its plain everyday meaning as conveyed by its terms unless its context unmistakably shows that the parties intended that it be given some peculiar interpretation not readily apparent on its face. Schwebke v. Schwebke, 347 So.2d 645 (Fla. 3d DCA 1977); Sosnowitz v. Sosnowitz, 342 So.2d 524 (Fla. 3d DCA 1977). The agreement in this case clearly provides that Alfred's alimony payments are to be credited for only those monies that Joan receives from the family trust under the Will of Ralph A. Elmore, deceased. Therefore, in the instant case, the proper test of the meaning and intention of the parties was the content of the written instrument itself. Thus, we find no error in the denial of Alfred's petition for modification. We likewise conclude as the trial court so determined that Alfred failed to prove that Joan's living expenses have been reduced and that she is employable,[1] which constituted the additional grounds argued in his petition for reduction of alimony.
Alfred for his second point on appeal contends that the court erred in granting Joan an increase in alimony payments and awarding her attorney's fees. We find this point well taken.
The agreement in the case at bar appears to be in the nature of a final property settlement not subject to modification.[2] See Gilbert v. Gilbert, 312 So.2d 511 (Fla. 3d DCA 1975); Mills v. Mills, 339 So.2d 681 (Fla. 1st DCA 1976). Furthermore, the agreement provides that it may not be modified without the written consent of each of the parties. No such consent either written or oral appears in this record. Compare Wiener v. Wiener, 343 So.2d 1319 (Fla. 3d DCA 1977).
Given the financial position of the respective parties, we also conclude that the trial court erred in awarding Joan attorney's fees. See Scattergood v. Scattergood, 363 So.2d 601 (Fla. 4th DCA 1978) and cases cited therein.
In light of the above disposition, we deem it unnecessary to determine Alfred's third *272 point on appeal with regard to the jurisdiction of the trial court to enter an award of attorney's fees subsequent to the filing of the notice of appeal.
For the reasons cited, the denial of Alfred's petition for modification is affirmed. The granting of an increase in alimony for Joan Pusey and award of attorney's fees is reversed.
Affirmed in part, reversed in part.
NOTES
[1] Even if Joan was gainfully employed, the settlement provided that Alfred be credited for 1/3 of all sums that Joan receives as a result of securing employment.
[2] Except if both parties consent thereto.