392 So.2d 317 (1980)
Benita Barbara GERBER a/K/a Benita Gerber, Appellant,
v.
Lewis GERBER, Appellee.
No. 79-1249.
District Court of Appeal of Florida, Fourth District.
December 31, 1980.
Rehearing Denied January 29, 1981.
*318 James Fox Miller of Miller & Schwartz, P.A., Hollywood, for appellant.
Robert L. Gossett of Brooks, Bunin & Gossett, P.A., Hollywood, for appellee.
HERSEY, Judge.
This is an appeal from an amended final judgment of dissolution of marriage.
During some fifteen years of marriage the wife never worked, although she began working on a part-time basis after the parties separated. She has a high school education with no special training.
The husband owns an automobile repair business. He valued the business on his financial affidavit at $5,000. Husband's net income for tax purposes was not less than $17,000 per year. During the marriage, however, a significant portion of family expenses were paid directly by the husband's business corporation. These economic benefits were not reflected on the tax returns. The parties jointly owned a small portfolio of intangibles and the marital residence, the latter having a value of $60,000 and being encumbered by a mortgage of $15,000.
The parties have three children, ages 5, 6 and 12 at the time of the final hearing. The eldest is under treatment for psychological difficulties and he and the middle child require tutoring.
The final judgment awarded custody of the children to the wife together with exclusive possession of the marital residence. The husband was directed to pay $30 per week as periodic rehabilitative alimony terminating upon emancipation of the children, and $32.50 per week per child as child support. The husband was required to pay all reasonable medical, dental and related expenses of the children. The wife was required to pay mortgage payments, real property taxes, insurance, repairs and maintenance charges in connection with the residence. At the time of its subsequent sale the proceeds were to be divided, with the wife receiving credit for principal payments made on the mortgage by her.
The award of alimony is rehabilitative. However, it is structured to terminate upon the same conditions as would permanent periodic alimony (remarriage, death, etc.). It also has a characteristic of child support in that it terminates upon emancipation of the children. More importantly, there was absolutely no evidence presented to show that wife had the ability, with rehabilitation, to become self-supporting. Permanent alimony should have been awarded.
As to the amount of the award, assuming that family expenses are to be borne equally by the wife and three children, the alimony does not even cover the cost of wife's one-fourth of the mortgage and groceries. In view of her small monthly income, the amount of alimony awarded is inadequate.
The financial needs of one spouse and the ability of the other spouse to provide the necessary funds are the two factors determining the amount of an award of alimony. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
*319 Husband's direct financial obligation to his former wife and three children is established by the final judgment as $6,620 per year. As previously mentioned, husband's net income is at least $17,000 per year in addition to which he has available the economic benefits furnished by his business corporation. These figures demonstrate an ability on the husband's part to contribute more to the necessary support of his exwife and three children.
This brings us to consideration of the adequacy of the amount of child support awarded. The amount awarded does not even cover the children's share of the mortgage and groceries. Wife's salary is insufficient to defray these expenses; thus, the award is inadequate.
We further note that the wife pays all expenses in connection with the residence and upon sale receives credit only for mortgage payments representing principal. Thus, in effect, the wife is required to loan the husband each month one half of the principal portion of mortgage payments which loan is repayable to her only upon resale and without any interest. All other required residence-connected expenses she must pay in full with no expectation of repayment. It could fairly be said, then, that one-half of all such payments constitutes rent which the wife is required to pay to the husband. The interest-free loan aspect and the rent aspect, neither of which the wife can afford to pay, are simply not justifiable under the facts and circumstances of this case.
The financial aspects of the judgment appealed from demonstrate an abuse of discretion in failing to provide for even minimal sustenance to the wife and three minor children. Since the financial provisions are interrelated, we reverse the final judgment in its entirety with the exception of the provisions dissolving the marriage and providing for custody. Aguiar v. Aguiar, 386 So.2d 280 (Fla. 4th DCA 1980).
The final issue which we must consider is whether the trial court erred in directing husband to pay only a portion of wife's attorneys' fees. As we have stated on numerous occasions, the purpose for allowing attorneys' fees in matrimonial litigation is to ensure that both parties will have similar ability to secure competent legal counsel. Hill v. Hill, 376 So.2d 472 (Fla. 4th DCA 1979); Scattergood v. Scattergood, 363 So.2d 601 (Fla. 4th DCA 1978). The record here demonstrates that wife does not have the ability to pay attorneys' fees; therefore, husband should be required to pay all of wife's attorneys' fees.
Appellee's motion for attorneys' fees on this appeal is denied. Appellant's motion is granted and the trial court is directed to enter an award for reasonable attorneys' fees for prosecuting this appeal.
REVERSED AND REMANDED.
DOWNEY and HURLEY, JJ., concur.