HURLEY, Judge.
On this appeal appellant/wife contends that she should have been awarded permanent rather than rehabilitative alimony. *183 Also, she claims that the trial court erred in failing to award her attorney’s fees. We find that both contentions are meritorious and thus we reverse.
The parties were married for twenty-one years and had three children. Mrs. Heilig, who has completed two years of college, was never employed outside the home during the marriage until 1976 or 1977 when she began free lance modeling. Her income from modeling did not exceed $4,000 a year. Since this action was begun she has supplemented her income by working as a salesperson in a dress shop for $3.75 per hour.
Mr. Heilig, on the other hand, is a college graduate and has steadily climbed the corporate ladder, so that his income in recent years, including bonuses, has been between $50,000 and $60,000 including benefits. His separate property includes monies in a savings account and profit sharing plan, stocks and bonds worth approximate $18,000, and life insurance policies with a cash surrender value of approximately $18,000. Jointly owned property consists of the marital home with a value between $165,000 and $175,000, a savings account with a balance of approximately $2,000 and a 1976 Cadillac.
Mrs. Heilig has no separate assets other than a checking account with a balance of approximately $1,000.
The trial court found that Mrs. Heil-ig was entitled only to rehabilitative alimony due to her “apparent talents, attractiveness and ability,” and the fact that she would receive approximately $75,000 from the sale of the marital home. Since there was a complete absence of proof that Mrs. Heilig could become self-supporting through modeling, we hold that the failure to award permanent alimony constituted an abuse of discretion. See Goss v. Goss, 400 So.2d 518 (Fla. 4th DCA 1981); Colucci v. Colucci, 392 So.2d 577 (Fla. 3d DCA 1980).
In light of the contemplated award of permanent alimony, we find no abuse of discretion in the court’s failure to award the home as lump sum alimony, but do find an abuse of discretion in the court’s failure to award attorney’s fees to Mrs. Heilig. Attorney’s fees are awarded in order to ensure that both parties have a similar ability to obtain competent legal counsel. Gerber v. Gerber, 392 So.2d 317 (Fla. 4th DCA 1980). The record before us reflects that Mrs. Heilig lacks funds or assets with which to pay attorney’s fees. Mr. Heilig should therefore be required to do so. Id.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
ANSTEAD and GLICKSTEIN, JJ., concur.