410 So.2d 945 (1982)
Irving GOLDEN, Appellant,
v.
Zina GOLDEN, Appellee.
Nos. 80-2421, 81-597 and 81-609.
District Court of Appeal of Florida, Third District.
February 9, 1982.
Rehearing Denied March 29, 1982.
*946 Goodwin, Ryskamp, Welcher, Carrier & Donoff, Kenneth L. Ryskamp and Fulvia A. Morris, Miami, for appellant.
Cypen & Cypen and Stephen H. Cypen, Miami Beach, for appellee.
Before BARKDULL, SCHWARTZ and BASKIN, JJ.
PER CURIAM.
In consolidated appeals, both parties challenge various financial aspects of the final judgment which dissolved their twenty-one-year marriage. We find error only in three respects.
First, the court should have credited the husband, when the proceeds of the parties' residence are distributed, with half the amounts he expended for mortgage payments, taxes, insurance, utilities, and repairs. Abella-Fernandez v. Abella, 393 So.2d 40 (Fla. 3d DCA 1981); Rutkin v. Rutkin, 345 So.2d 400 (Fla. 3d DCA 1977); Lyons v. Lyons, 208 So.2d 137 (Fla. 3d DCA 1968). In addition, we reverse the imposition of a $15,000 special equity in the home to the wife as unjustified by the record or the applicable law. Duncan v. Duncan, 379 So.2d 949 (Fla. 1980); see, Ball v. Ball, 335 So.2d 5 (Fla. 1976).
The other aspects of the court's distribution of the Goldens' assets represent an unassailable exercise of the trial court's discretion under Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Because, however, the result of these determinations is to place the wife in a financial status at least equal to the husband's, we set aside the order awarding her attorneys' fees. E.g., Pepper v. Pepper, 388 So.2d 1342 (Fla. 3d DCA 1980); Pusey v. Pusey, 386 So.2d 269 (Fla. 3d DCA 1980).
With the exceptions, then, of the failure to credit Mr. Golden with 50% of the home expenses, and the $15,000 special equity and attorneys' fee awards, all of which are reversed, the judgment and orders under review are affirmed.
Affirmed in part, reversed in part.
BASKIN, Judge (concurring in part, dissenting in part).
The majority's reversal of the trial court's decision to award the wife a $15,000 special equity in the marital home discards a well-established principle of law: it is not the function of the appellate court to reevaluate the evidence and substitute its judgment for that of the trial court. Shaw v. Shaw, 334 So.2d 13 (Fla. 1976). An appellate court merely decides whether the judgment entered by the trial court was supported by competent evidence. Koeppel v. Koeppel, 351 So.2d 766 (Fla.3d DCA 1977). Applying that concept, I find that the wife presented testimony that her funds were used to purchase the house, and the evidence, though in conflict, was sufficient to support the trial court's award. I would affirm.
The majority's reversal of the award of attorneys' fees to the wife departs from the holding of the supreme court in Cummings v. Cummings, 330 So.2d 134 (Fla. 1976), in which the court reiterated that the purpose of awarding attorneys' fees is to "insure that both parties will have reasonably the same ability to secure competent legal counsel." Id. at 136, citing Mertz v. Mertz, 287 So.2d 691 (Fla. 2d DCA 1973). The purpose of awarding fees is to enable the needier party to secure counsel on an equal footing, without regard to concerns that those fees will be deducted from the alimony subsequently awarded or will encumber *947 existing assets. For that reason, it is not necessary that a spouse be completely unable to pay attorneys' fees in order to be entitled to receive them. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Patterson v. Patterson, 399 So.2d 73 (Fla. 5th DCA 1981); Scattergood v. Scattergood, 363 So.2d 601 (Fla. 4th DCA 1978). The effect of the majority opinion is to diminish the alimony award, Canakaris v. Canakaris, supra; Wilds v. Wilds, 399 So.2d 1038 (Fla. 3d DCA 1981), a result not contemplated by the trial court. If that is the intent of the majority, the cause should be remanded to the trial court for reevaluation of its alimony award. In my view, however, the court's award of attorneys' fees to the wife should be affirmed.
I concur in the remainder of the opinion.