PER CURIAM.
We hold that the trial court’s decision to adopt the master’s recommendation and continue rehabilitative alimony at $250 per month for an additional forty months constitutes a permissible exercise of the court’s discretion. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). Furthermore, the record contains sufficient facts to justify the court’s discretionary decision not to make the award of alimony retroactive to the filing date of the petition for modification. McArthur v. McArthur, 106 So.2d 73 (Fla.1958); cf. Buckley v. Buckley, 343 So.2d 890 (Fla. 4th DCA 1977), appeal dismissed, 362 So.2d 1050 (Fla.1978).
After careful review of the parties’ respective financial conditions,, however, we are compelled to hold that the court abused its discretion and erred by failing to award costs and attorney’s fees to the former-wife. Gerber v. Gerber, 392 So.2d 317 (Fla. 4th DCA 1981); Hill v. Hill, 376 So.2d 472 (Fla. 4th DCA 1979); Scattergood v. Scattergood, 363 So.2d 601 (Fla. 4th DCA 1978).
Accordingly, we affirm in part and reverse in part and remand the cause for further proceedings consistent with this opinion.
DOWNEY and HURLEY, JJ., concur.
ANSTEAD, J., concurs in part and dissents in part, with opinion.