SMITH, Chief Judge.
Appellant appeals a summary final judgment refusing to modify the parties’ separation agreement. We reverse.
Relying on Pusey v. Pusey, 386 So. 2d 269 (Fla. 3d DCA 1980), the trial court construed paragraph 13(d) of the separation agreement as precluding the wife from seeking modification of another provision in paragraph 5 of the agreement. Paragraph 13(d) provides in pertinent part:
Each understands and agrees that this agreement constitutes the entire contract of the parties.... No modifications of any of the terms shall be valid unless in writing and executed by the same formality as this agreement.
Upon consideration, we find the language in paragraph 13(d) above materially distinguishable from the language of the property settlement agreement in Pusey. In Pusey, the agreement provided that it could not be modified without the written consent of each of the parties. In addition, the court found that the agreement was in the nature of a final property settlement. Thus, it was improper to grant the wife's petition for modification of alimony without the husband’s consent. In contrast, giving the language of paragraph 13(d) its plain meaning, and absent any evidence that the parties intended to give it any special meaning, we agree with appellant that this language requiring modifications to be in writing was inserted simply to prevent the parties from orally modifying the agreement. It does not require the parties to consent to modification in writing before a modification could be ordered, unlike the agreement in the Pusey case.
Because the trial court entered summary judgment based upon an erroneous reading of paragraph 13(d), the court has yet to address the question whether the provision in paragraph 5 of this separation agreement, requiring appellee to pay $750 monthly to appellant for a period of twelve months, is part of a true property settlement agreement, which the court may not modify, or whether it was alimony or support which the court may modify. In making this determination, the trial court must *1299 examine the plain language of the agreement, its surrounding circumstances and the parties’ apparent purpose in entering into the agreement. Kirchen v. Kirchen, 484 So.2d 1308 (Fla. 2d DCA 1986). As this is a decision primarily for the trial court, in the exercise of sound judicial discretion, we remand for further proceedings consistent with this opinion. See Fort v. Fort, 90 So.2d 313 (Fla.1956).
REVERSED and REMANDED.
THOMPSON and MINER, JJ., concur.